(43 App. Div. 464.)

## QUIRK v. SIEGEL–COOPER CO.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. NEGLIGENCE—OBSTRUCTED STAIRWAY—EVIDENCE.

The placing of a slippery skid in the middle of a section of a stairway over which customers were invited to ascend and descend, in such a way as not to be likely to attract the attention of shoppers familiar with the stairway, and without any means being adopted to warn such customers, is negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Evidence that plaintiff, who was injured by slipping on a skid which had been placed on a stairway provided for customers, had passed down such stairway the day before, when no skid was there, and that there was nothing to suggest danger, unless she had looked directly where she intended to place her foot, and the light was somewhat obscured, is sufficient to sustain a finding that she was not negligent.

3. SAME—PLEADING—ISSUES AND PROOF.

An allegation in the complaint that the plaintiff sustained bodily injuries is sufficient to admit evidence of injury to the eyesight.

Appeal from trial term, Kings county.

Action by Margaret Quirk against the Siegel-Cooper Company. From a judgment for plaintiff and an order denying a new trial (56 N. Y. Supp. 49), defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Jesse Johnson (Frank V. Johnson, on the brief), for appellant.
S. S. Whitehouse, for respondent.

WILLARD BARTLETT, J. This action arises out of an accident which happened to the plaintiff while shopping in the defendant's department store in the borough of Manhattan. The first floor of the store is divided into two portions, on different levels, one about two feet higher than the other. Four broad steps lead from the upper to the lower portion, for a distance of 180 feet, from one end of the building to the other; this stairway being divided into sections by columns or abutments about 18 feet apart. Goods were displayed and offered for sale both above and below these steps. The plaintiff, being on the higher level, desired to proceed to the lower portion of the first floor in order to make a purchase there, and attempted for that purpose to descend the short stairway which has been described. In so doing, she stepped and slipped upon a skid or slide which had been placed upon the steps to form an inclined plane over which trucks were run in moving goods from one level to the other. The skid was about $3\frac{1}{2}$ feet wide, leaving the section of the stairs upon which it was placed unobstructed for over 7 feet on each side of it. The plaintiff fell on this slippery runway, and was badly hurt.

The duty of the defendant corporation towards customers invited to its department store was to exercise reasonable care to keep the building safe for the use of such customers. The learned trial judge made this clear to the jury, and no exception was taken to his charge in this or any other respect. The motion to dismiss the

complaint, however, raises the question whether there was any evidence in this case that the defendant had not performed the full measure of the duty which it thus owed the plaintiff.

The fact that the stairs were there, and were provided for the use of customers, did not oblige the defendant to leave them open or unobstructed at all times; and the temporary occupation of a portion of the steps by a slide for trucks, in order that goods might be conveyed from one part of the store to another, was in no respect wrongful of itself. When, however, a slippery inclined plane was placed in the middle of a section of the stairway, over which customers were ordinarily invited and expected to ascend and descend, and when this skid was so nearly on a level with the steps as not to be likely to attract the attention of shoppers familiar with the stairs, but having no previous experience of any such obstruction upon them, the question arises whether the exercise of reasonable care did not demand that the defendant adopt some method of warning customers of the presence of the obstacle in the way of their free and safe passage. I think the jury were warranted in answering this question in the affirmative. Siderails on the runway would have rendered it impossible for the most careless shopper to overlook it, and many other simple precautions equally effective might readily be suggested.

In regard to contributory negligence, the court charged the jury that if the plaintiff, by the exercise of ordinary care, might have seen the run or gang way, and have avoided it by going down the steps on either side, she could not recover; and also that if she saw the run or gang way, and voluntarily or unnecessarily attempted to walk upon it, instead of walking down the steps on either side, where there was ample room for safe passage, she did so at her own risk. In order to find their verdict, therefore, the jury must have reached the conclusion that the plaintiff exercised the care of a reasonably prudent person in stepping upon the slide, as she said she did, without perceiving it was there, and supposing that she was stepping upon the stairs. It seems to me that this conclusion finds sufficient support in the evidence. The plaintiff testified that she had been over the steps only the day before, and that there was no board there then. She said the light from without was somewhat obscured by the display of goods near by. She knew she was approaching, and about to go down, the stairs, but there was nothing to suggest any danger in going on, unless she had looked right down at the very spot where she intended to place her advancing foot. Under the circumstances, it cannot be held that she was bound to do this as matter of law. Her previous experience indicated that the stairway, obviously provided for the convenience of customers, was safe for their use, and her assumption, without further minute observation, that it continued in the same condition, was in accordance with the habit of most persons who travel over familiar stairs, scarcely looking where they place their feet. Prudence well require greater circumspection, in such localities, on the part of a stranger, than on the part of one to whom the surroundings were previously known; but, as was remarked by Bradley, J., in McRickard v. Flint,

114 N. Y. 222, 21 N. E. 153, contributory negligence is not always the consequence of failure to exercise the greatest prudence or to make use of the best judgment. The conditions upon which contributory negligence was predicated in the three cases cited on behalf of the appellant were essentially different from the circumstances in the case at bar. In Strutt v. Railroad Co., 18 App. Div. 134, 45 N. Y. Supp. 728, there was no evidence of lack of light or other condition tending to interfere with easy observation of the obstacle which caused the accident. The same is true of Whalen v. Light Co., 151 N. Y. 70, 45 N. E. 363. In the third case (Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780), which arose out of an injury sustained by slipping upon a ridge of ice in a city street, the court distinctly held that it would have been competent for the plaintiff to negative her own negligence by showing that she did not discover the ridge, and that she passed along relying upon the safety of the walk, or supposed, if she saw the ridge, that it was made by compacted snow, and not by ice. Her defeat was due to her failure to give evidence of these or any other circumstances to prove that the accident occurred without fault on her part. In the present case, just such proof was given as Judge Andrews thus points out to have been lacking in the Weston Case, and it sufficed, in my judgment, to take the question of contributory negligence to the jury.

A ruling of the learned trial judge upon the admission of evidence remains to be noticed. The plaintiff was permitted to put in proof tending to show that her eyesight had been impaired as a result of her fall on the skid in the defendant's store. The appellant insists that impairment of vision could not properly be proved under the allegation in the complaint that "the plaintiff sustained serious and painful internal and other bodily injuries," and argues that "bodily" injuries means injuries to the trunk or main part of the human form, as distinguished from the limbs or head. If counsel are right in this, an allegation of "bodily" injury would not permit proof of injury to hand, foot, nose, or ear. No such restricted definition is warranted by the term itself or the context. If the evidence in regard to the plaintiff's dimness of vision came as a surprise to counsel for the defendant, and they were therefore unprepared to meet it, the court would doubtless have afforded them time and opportunity to obtain expert testimony on that branch of the case, upon the facts being made to appear, if they had so desired; but there is no suggestion of surprise, either in the record or in the brief submitted upon this appeal. I think the evidence was properly admitted, but, even if it was not, the reduction of the recovery from $15,000 to $7,500 has remedied all the injury which the defendant can possibly have suffered by its admission. I am for the affirmance of the judgment and order appealed from.

Judgment and order affirmed, with costs. All concur.