(55 App. Div. 80.)

### H. & H. REINERS v. NIEDERSTEIN.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. APPEAL—NECESSITY OF EXCEPTION OR CERTIFICATE OF EVIDENCE.

Code Civ. Proc. § 1022, provides that the court may render judgment on a decision filed which states concisely the grounds on which the issues have been decided, and that the defeated party may file an exception to such decision, and that on appeal from a judgment, on a case containing exceptions, the appellate division of the supreme court 'shall review all questions of fact and of law. Held, that where no exception was filed to such a decision, and there was no certificate in the case that it contained all of the evidence, or all of the evidence on the questions sought to be reviewed, there could be no review of the facts or law, save as raised by exceptions to the rulings.

2. SPECIFIC PERFORMANCE—EVIDENCE—ADMISSIBILITY.
Where it is objected that the premises are charged with a legacy, a quitclaim deed of the premises executed by the legatees after the action was commenced, together with evidence of a tender thereof to defendants, and an offer to insert their names therein, is admissible in an action to enforce specific performance of a contract to purchase a bond and mortgage.

3. SAME.
Where it is objected that the mortgaged premises are subject to an inchoate right of dower, evidence of a release of such dower executed subsequently to the commencement of the action is admissible in an action for specific performance of a contract to purchase a bond and mortgage.

4. EVIDENCE—ADMISSIBILITY.
Where a quitclaim deed is introduced in evidence by plaintiff, a witness for plaintiff may be properly asked if he was the person who executed such deed.

Appeal from special term, Kings county.

Action by H. & H. Reiners against John Niederstein. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John Brunnemer, for appellant.
Ira Leo Bamberger, for respondent.

JENKS, J. This is an action for specific performance of a contract of the defendant to purchase a bond and mortgage. The special term filed its decision, stating concisely the grounds upon which the issue was decided, and directing judgment for the plaintiff pursuant to the procedure authorized by section 1022, Code Civ. Proc., and this was done. The defendant failed to file any exception to such decision as provided for in the said section of the Code, and the "case" does not contain any certificate that it contains all of the evidence, or all of the evidence upon the questions sought to be reviewed. This point is made by the appellant, and we are concluded from any review of the facts or of the law, save as raised by the exceptions to the rulings. Otten v. Railroad Co., 150 N. Y. 395, 399, 44 N. E. 1033; Frederick v. City of Johnstown, 47 App. Div. 222, 62 N. Y. Supp. 66; Waydell v. Adams, 23 App. Div. 508, 48 N. Y. Supp. 635. As to the latter point, see Rosenstein v. Fox, 150 N. Y. 354, 359, 44 N. E. 1027.

One of the objections to the plaintiff's title was that the premises were charged with a legacy for $500. The plaintiff offered in evidence a quitclaim deed executed by the legatees of the premises after this action was commenced, tendered it to the defendant, and offered to insert therein the name of the defendant. "Objected to by defendant. Objection overruled. Defendant excepts." There is no error in this ruling. Haffey v. Lynch, 143 N. Y. 241, 247, 248, 38 N. E. 298. There was also objection that the mortgaged premises were subject to an inchoate right of dower. The plaintiff offered in evidence a release of such dower executed subsequently to the commencement of the action. "Objected to by defendant. Objection overruled." There was no error. Haffey v. Lynch, supra. A witness was called by the plaintiff, and was asked whether he was

the person who executed the quitclaim deed then in evidence. "Objected to. Objection overruled." I fail to see any force in the exception.

I have now noticed all the exceptions that appear in the record. The defendant urges that the judgment is erroneous, in that it compelled payment by defendant to the plaintiff, without directing an assignment to the defendant of the bond and mortgage. As I read the judgment, it does so provide. The delivery adjudged involves an assignment. It is alleged that the judgment is erroneous, in that it ordered the defendant to execute and to deliver the note that was the payment provided for by the contract, payable in six months, in that said note would have matured before the signing of the judgment. Were it not for the fact that no exception is filed to the decision, and that thereby we are precluded from modifying the judgment, there would be much force in this criticism of the appellant. However, the contract provides for four successive renewals of the note, and this privilege, in part, is still open to the defendant, notwithstanding that the provision for renewals is not inserted in the judgment. The provision for notice in case of renewal must be reasonably construed, so that defendant be not precluded from giving such notice by the fact that at the time of the judgment the original debt is, in terms, actually due.

The judgment should be affirmed, without costs. All concur.