(65 App. Div. 81.)

### DENT v. GRIMM (two cases).

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

NEGLIGENCE—QUESTIONS FOR JURY—NONSUIT.

> Where customers, in entering or leaving defendant's shop, were obliged to pass over an incline plane leading to the sidewalk, and a customer was injured from falling thereon when the incline was wet and greasy, and for a year or more it was maintained in a greasy condition, the questions of defendant's negligence and such customer's contributory negligence were for the jury, and it was error to direct a nonsuit.
>
> Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from trial term.

Consolidated actions by Mary Dent against Louis Grimm, and Thomas Dent against the same defendant. From a judgment of nonsuit, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Thomas P. Wickes, for appellants.

L. S. Carrere, for respondent.

PATTERSON, J. These two actions were tried together. That of Mary Dent was brought to recover damages for personal injuries, and that of Thomas Dent for loss of services of his wife. It is alleged in the complaint in Mary Dent's action that the defendant was carrying on a butcher business on premises No. 1427 Second avenue, in the city of New York, and that he maintained in front of such premises a wooden slide, which ran from the level of the stone sill of the doorway of the store on an incline, until it became flush with the sidewalk; that on the 21st day of October, 1898, at about 6 or half past 6 o'clock in the afternoon, the plaintiff (Mary Dent) went into the shop of the defendant for the purpose of making a purchase, and in coming out she was obliged to walk upon the wooden incline, which was used as a slide for merchandise sent out of the store for delivery; that persons entering or leaving the premises were obliged to walk upon that slide; that at the time mentioned it was in a dangerous and unsafe condition, and the boards or wood composing the planks, or certain portions thereof, were rotten, decayed, or worn out, and broken, and full of holes or niches; that the

slide was very slippery and greasy, and worn smooth, and that it was totally unsafe for any person to step upon it in order to get from the said building to the sidewalk; that the defendant failed to use reasonable prudence and care in keeping the store and entrance in a safe condition, and knew, or ought to have known, of the defective condition of the slide; that, at the time mentioned, the plaintiff, coming out of the store, was stepping on the slide, when she fell, and was violently pitched down upon it, and upon the sidewalk, severely injuring, bruising, spraining, and fracturing her left leg, and that the injuries occurred solely through the negligence of the defendant in failing to keep the slide in a safe condition, or to repair the same, or to properly inspect its condition. The defendant in his answer admitted that he was the proprietor of the store, engaged in business therein, and that the slide was used as stated in the complaint.

It appeared in evidence that Mary Dent, on the afternoon mentioned, purchased some bacon in the defendant's store, and in coming out slipped on the wooden slide. She tried to save herself, but could not, and fell and injured her ankle. She slipped the very first step she took after closing the door, coming out. She says she could not tell why she slipped, or what occasioned her slipping, unless the slide was slippery. She did not notice whether the planks as they ran up from the sidewalk to the doorstep were smooth or slippery. She only noticed that she was thrown down, and could not get up. The plaintiff herself, therefore, was not able to state the cause of the accident, but Thomas Dent testifies that on the night the accident occurred the slide was very wet and greasy, and there "was a kind of hole" near the sidewalk, near the stoop line, right between the two boards. It was broken.

There was therefore evidence that on the night the accident occurred the slide was wet and greasy, and there is also other evidence showing that for a year or more it was maintained in a greasy condition. There is the case, then, of a slippery incline plane, over which customers were obliged to walk in entering or leaving the shop of the defendant, and there is evidence that it was maintained in that condition for some time previous to the accident; and under the case of Quirk v. Seigel-Cooper Co., 43 App. Div. 464, 60 N. Y. Supp. 228, in view of the condition of this slide, both as to its slippery condition and the broken boards, the question of negligence of the defendant was for the jury. The question of contributory negligence, if it can be raised upon the record, was also for the jury.

It was error to nonsuit; and the judgments should be reversed and a new trial ordered in each case, with costs to the appellants to abide the event.

HATCH and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents.

INGRAHAM, J. (dissenting). I think these judgments should be affirmed, as I do not think that the evidence would justify a finding that the defendant was guilty of negligence. The plaintiff testified that, as she was walking out of the store, she slipped on the wooden

slide in front of the door, and fell, and injured her ankle. There was a slight incline from the store to the sidewalk, but there is nothing to show that this incline was sufficient to make it dangerous to any one using the entrance with ordinary care. The plaintiff says that she cannot account for her fall, unless this wooden cover was slippery; that it was raining, and the planks were wet. This plank was somewhat worn upon the edge towards the sidewalk, but this condition had nothing to do with the accident, as the plaintiff testified that she slipped near the store, and upon the first step that she took after leaving the entrance. It seems to me that there is absolutely nothing to show that this entrance to his store was dangerous, or that the slippery condition of the wood was caused by anything but the rain, which commenced to fall after the plaintiff left her house, and before she got to the store.

I think the dismissal of the complaint was right, and that the judgment should be affirmed.