GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.

JOHN MULLADY, Respondent, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

*Negligence — proof of impaired eyesight and hearing — when the complaint author-izes it — verdict reduced from $6,500 to $4,000.*

A complaint in an action to recover damages for personal injuries which alleges that the plaintiff "sustained serious and lasting bodily injuries, and injuries to his head, limbs and nervous system, as well as internal injuries," justifies the admission of testimony of impaired eyesight and hearing resulting from an injury to the head.

Where it appeared that the plaintiff, who was a fireman in the service of the city of New York, was incapacitated from service by reason of his injuries for a period of less than two months, and that after returning to duty he received a vacation for ten days, and thereafter continued to do full service and to receive full pay, and had, with the consent of his own physician, submitted to and successfully passed a physical examination for promotion, and had attempted, although he partially failed in, the difficult athletic feats required by the examination, the court considered that a verdict of $6,500 was excessive, and should be reduced to $4,000, notwithstanding the fact that the plaintiff complained of an impaired ability to work; stiffness in his back and legs; that his hearing and eyesight were impaired; that his nervous system was affected, and that he was troubled with insomnia, and that an expert who examined him diagnosed his trouble as a sprain of the spine with a degree of spinal curvature that might be permanent.

HIRSCHBERG, J., dissented as to the reduction of the verdict.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from a judgment of the Supreme Court in favor of the

plaintiff, entered in the office of the clerk of the county of Kings on the 5th day of January, 1901, upon the verdict of a jury for $6,500, and also from an order entered in said clerk's office on the 7th day of January, 1901, denying the defendant's motion for a new trial made upon the minutes, and granting an extra allowance of costs to the plaintiff.

*John L. Wells,* for the appellant.

*S. S. Whitehouse,* for the respondent.

JENKS, J.:

The plaintiff complained that he "sustained serious and lasting bodily injuries, and injuries to his head, limbs and nervous system, as well as internal injuries." The appellant contends that it was error to admit testimony of impaired hearing and eyesight. In *Quirk* v. *Siegel-Cooper Co.* (43 App. Div. 464) we held, per BARTLETT, J., that similar testimony was admissible under the allegation that the plaintiff "sustained serious and painful internal and other bodily injuries," refusing to restrict the words "bodily injuries" and their context so as to exclude such testimony. *Kleiner* v. *Third Avenue R. R. Co.* (162 N. Y. 193), mainly relied upon by the appellant, may be discriminated. In that case, the plaintiff complained of serious and painful contusions to her head and body and arms, of laceration of the scalp "whereby she sustained severe nervous shock and concussion of the brain and injured her eyesight, and she was for a time rendered unconscious, and she thereby sustained permanent injuries." And the court pointed out that as the plaintiff had specified particularly several injuries, and had alleged that she thereby sustained permanent injuries, she thus in effect had limited her injuries to those previously alleged, and that as it was proved that the maladies were due to the severe nervous shock, the "precise question" was whether the allegation of a severe nervous shock warranted proof of heart disease, vertigo, curvature of the spine, and of other ills. In the absence of any proof that such diseases necessarily and immediately flowed from a severe nervous shock, the admission of evidence of the disease was held erroneous. In the *Kleiner Case (supra)* the court say that "the obvious reason for the rule requiring special

allegations of special damages is to apprise a defendant of any injury claimed to have been sustained which did not necessarily arise from the accident, so as to enable the party to prepare to properly litigate the question upon the trial, or to at least ascertain the facts as far as possible." Applying this rule to the *Kleiner* case, it is clear that an allegation of severe nervous shock is not adequate or sufficient notice that the plaintiff would offer evidence of heart disease, vertigo and curvature of the spine, in the absence of proof that they necessarily flowed from the nervous shock. Applying the rule in the case at bar, it cannot be said that " bodily injuries and injuries to his head" might not logically embrace injuries to the eye and to the ear. In *Ehrgott* v. *Mayor* (96 N. Y. 264, 267) the ruling admitting testimony of a disease of the spine, although the disease was not specified, was sustained, as it was alleged that the plaintiff suffered " great bodily injury," and that he became and still continued sick, sore and disabled, etc. I think that this case cannot be discriminated from the *Quirk Case (supra)*, which permitted testimony of injury to the eyesight under the allegation of bodily injuries. . And I think it is clear that upon the same principle the term "injuries to his head" is broad enough to cover testimony of the impairment of sight and hearing resultant from an injury to the head.

The learned trial justice, in his opinion denying the motion for a new trial, halted before refusing to disturb the verdict, for the reason that there was no evidence that the injury to the plaintiff was progressive, but finally let the verdict stand for the reason that the Appellate Division had not disturbed verdicts equally large for injuries no greater. I know of no precedents that establish a schedule of compensation for injuries, and certainly there is none that binds a trial court in the exercise of its sound discretion upon the facts of any particular case. Prior decisions may guide and enlighten the court, and, in a sense, may constrain it, but they need not restrain it, for the reason that no two cases morally can present precisely similar circumstances of pain, suffering, impairment or of loss. The plaintiff recovered a verdict of $6,500. He was a fireman in the service of the city, and is still in active service. While a passenger in a car he was thrown against a seat as the result of a collision. He testified that his back and his ear were injured and

that his ankle was sprained. He remained in the hospital for two hours, was absent for less than two months from service, and after his return he received a vacation of ten days. He complains that he cannot work as he "used to do;" that he cannot stoop down; that his nervous system is affected; that his back and legs are stiff and troublesome; that his hearing and his eyesight are impaired, and that he is troubled with insomnia. An expert who examined him diagnosed his trouble as a sprain of the spine, with a degree of spinal curvature that might be permanent, accompanied by pain and marked by permanency and loss of power, though he was unable to state to what extent the injuries might impair plaintiff's work. On the other hand, it appears that he is doing full service and receives full pay; that he applied for promotion, was allowed to take the physical tests by his own physicians, passed the physical examination, and attempted the difficult athletic feats required by the examination. Though he partially failed in his athletics, yet he explains that he had had no previous practice therein. There is no evidence that his afflictions are progressive. I think that upon the proof the verdict is excessive, and that $4,000 is a full and adequate compensation in this case. So far as the extra allowance is concerned, I think that the record does not warrant any interference with a matter which so pre-eminently rests in the sound discretion of the trial justice.

The judgment and order appealed from must be reversed and a new trial granted, unless the plaintiff, within twenty days, stipulates to reduce the judgment to $4,000 and an extra allowance based thereon, in which case the judgment, as so modified, is affirmed, with costs.

GOODRICH, P. J., and SEWELL, J., concurred; WOODWARD, J., concurred in result; HIRSCHBERG, J., dissented as to reduction.

Judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulate to reduce recovery of damages to the sum of $4,000 and extra allowance proportionately, in which case the judgment as modified is unanimously affirmed, with costs.