## MALLETTE *v.* HILLYARD *et al.*

Where the assignee of a lease under which the rent is payable, in advance, in equal weekly installments at the beginning of a week pays to the landlord the installment of rent therefor, and, during the term for which the rent is thus paid, is wrongfully evicted by the landlord, he has the right to recover from the latter the whole of the rent paid for such week.

Argued February 25,— Decided March 17, 1903.

Certiorari.    Before Judge Seabrook.    Chatham superior court.. April 2, 1902.

*David C. Barrow,* for plaintiff in error.
*Wilson & Rogers,* contra.

FISH, J.    From the evidence, as set forth in the answer of the magistrate to the writ of certiorari, the jury trying the case were authorized to find, that on October 15, 1900, Mrs. Mallette, lessee of the Marshall House, in the city of Savannah, assigned her lease to John Hillyard, he covenanting and agreeing to pay, as rent for the premises, three hundred dollars per month, "in weekly installments of seventy-five dollars, in advance;" for the first three months, however, two hundred and fifty dollars were to be paid "in weekly installments of sixty-two dollars and fifty cents, in advance,. and the remaining balance of one hundred and fifty dollars reduction [was] to be covered in short-payment notes."    By the terms of the assignment it was to become effective on and after October 22,. 1900.    On October 18, 1900, Hillyard assigned the lease to his wife, Mrs. A. E. Hillyard.    On the 22d of that month he went into possession as agent for his wife, and paid to Mrs. Mallette $62.50, in advance, for one week's rent.    On the 26th of the same month, Mrs. Hillyard assigned one half of her interest in the lease to Samuel J. Wallace.    On the 29th of the month Mrs. Hillyard and Wallace paid to Mrs. Mallette $62.50, in advance, for a week's rent, from October 29 to November 5, 1900, Mrs. Mallette receipting them therefor.    On the next day Mrs. Mallette sued out a. dispossessory warrant against John Hillyard, upon the ground that he had failed to pay the rent, in that he had not given her two notes, for $12.50 each, "for the balance of the two weeks' rent." On November 1, Wallace reassigned his interest under the lease to Mrs. Hillyard.    Hillyard and his wife were evicted, under the dispossessory warrant, on November 3.    While there was evidence to the contrary, the jury, as we have said, were authorized to find the facts as above stated.

Under these facts, the judge did not err in overruling the certiorari.    It is a familiar rule that, as a covenant to pay rent runs. with the land, the assignee of a lease is liable to pay rent during the time he is in possession of the premises under the assignment. 1 McAdam, L. & T. § 242.    The assignee being thus liable had the

right to the possession and use of the leased premises. Ordinarily the liability to pay rent and the right of possession are reciprocal. *Snook & Austin Furniture Co.* v. *Steiner & Emery*, ante, 363. Mrs. Mallette was presumed to know the law. When she accepted a week's rent, in advance, from Mrs. Hillyard and Wallace, she received from them what they were bound to pay, and, in consideration of such payment, they, as assignees of the lease, had the right to the possession of the premises during the week for which the rent was paid, and if she wrongfully evicted Mrs. Hillyard, who, at the time of the eviction, as assignee had the right to the possession of the premises, the latter had the right to recover from Mrs. Mallette the rent which had been paid for that week. Was the eviction wrongful? We think the jury was authorized, under the evidence, to find that it was. John Hillyard's agreement to give Mrs. Mallette " short-payment notes" was certainly indefinite and ambiguous as to the time when such notes were to be given. So, even granting that if the notes were to be, respectively, given at the beginning of each week, a failure to give them then would authorize Mrs. Mallette to sue out a dispossessory warrant against him for non-payment of rent, the contract does not show that the notes were to be so given, and whether they were or not was a question for the jury, under the evidence submitted. From the evidence the jury could have found that the notes were not to be given until the expiration of the first three months of the lease from Mrs. Mallette to Hillyard, especially as Hillyard testified that such was his understanding.

" It is also well settled that in all cases of periodical payments, accruing at intervals, and not de die in diem, there can be no apportionment, for rent will not be apportioned in respect to time, unless by force of a statute, or of some special provision of the lease. If, therefore, a tenant is evicted at any time before rent becomes due, it is not payable at all." Taylor's L. & T. § 389. If a landlord, who wrongfully evicts a tenant at any time before rent is due, can not recover any portion of the rent, it must also be true that where a tenant pays rent in advance, and is wrongfully evicted before the expiration of the term for which the rent is paid, he may recover from the landlord all of the rent thus paid. Accordingly, Mrs. Hillyard, who had paid the rent for a week, in advance, and who

was wrongfully evicted before the expiration of the week, was entitled to recover the rent paid for that week.

<em>Judgment affirmed. By five Justices.</em>