visions of the Penal Code, that any such radical departure should be made, so as to change a transaction that has always been regarded as establishing the relation of debtor and creditor into one which would place the broker in the position of a trustee who receives money in a fiduciary capacity, which he is obliged at all times to keep separate and apart from his own moneys, and, on demand, return, upon pain of indictment and conviction for embezzlement.

Our conclusion, therefore, is that this judgment must be reversed, and a new trial ordered. All concur.

(83 App. Div. 29.)

PILTZ v. YONKERS R. CO.

(Supreme Court, Appellate Division, Second Department. May 7, 1903.)

1. APPEAL—EXCEPTION TO DECISION—NECESSITY.

Under Code Civ. Proc. § 1022, relative to decisions in the short form after trial to the court, and providing that, whenever judgment is entered on a decision which does not state separately the facts found, the defeated party may file exceptions to such decision, etc., an exception to the decision is not necessary to enable the court, on appeal, to review exceptions as to the admission of evidence.

2. PERSONAL INJURIES—PLEADING—PROOF.

Under a complaint in a personal injury action alleging that plaintiff suffered serious and permanent injuries to his head and body, and nervous and physical shock; that he was suffering and would continue to suffer grievous pain in the head and body, and loss of sleep and loss of memory, and had been permanently weakened in the head, and incapacitated for arduous physical and mental labor, evidence of impaired hearing was not admissible.

Bartlett, J., dissenting.

Appeal from City Court of Yonkers.

Action by Alexander F. Piltz against the Yonkers Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, JENKS, and HOOKER, JJ.

Arthur Ofner, for appellant.
Ralph Earl Prime, Jr., for respondent.

JENKS, J. A jury was waived in this action for negligence, and the court made a decision in the short form authorized by section 1022 of the Code of Civil Procedure, upon which the plaintiff entered judgment. As the appellant failed to take or file exception to the decision, the respondent insists that we are powerless even to review the rulings upon evidence made during the trial. Several decisions of this court in another department are cited by the learned counsel, of which some expressly sustain his contention. Examination of these authorities shows that, for the most part, they are based upon Otten v. Manhattan Railway Co., 150 N. Y. 395, 44 N. E. 1033. I am not convinced that our opinion in Reiners v. Niederstein, 55 App. Div. 80, 67 N. Y. Supp. 41, did not state the true rule; that, notwithstanding the absence of the exception provided for by section 1022 of the Code of Civil Procedure, we have the power to examine the rulings of the trial court

upon questions of evidence to which exceptions were then taken. Section 1022 does not expressly prohibit such review in the absence of the exception therein described. It seems to recognize an appeal, although that exception be neither taken nor filed; and, as Vann, J., says in the Otten Case, supra, the exception is not a substitute for the notice of appeal. It has been held that the omission to file an exception precludes an attack upon the decision. Ross v. Caywood, 162 N. Y. 259, 265, 56 N. E. 629, and authority cited. This being so, and if the failure to file this exception also precludes a review of the rulings, then the appeal would be a vain thing. I think that the full penalty of the omission to file the exception is expressed in these decisions of the Court of Appeals. The ground is acquiescence. But acquiescence in the decision does not imply acquiescence in the rulings. For the decision may be legally unobjectionable upon the evidence received, and yet if the rules of evidence, as insisted on by appellant, had been observed, some of the essential facts found were not legally proven. The defeated party may stand upon the latter ground. He may acquiesce in the decision, while consistently protesting against the rulings which made it possible in law. In Otten's Case, supra, the court, per Vann, J., discussing the exception provided for in section 1022 of the Code, say:

"We see no reason for any difference in the meaning of the same word as thus used in the Constitution and the Code. It appeared in section 1022 when the Constitution was framed. Its function under that section is the general function of an exception, which is a protest against a decision of a court. Sterrett v. Third Nat. Bank, 122 N. Y. 659, 662 [25 N. E. 913]. It is not a substitute for a notice of appeal, which, instead of being dispensed with, is expressly required by the same sentence that authorizes the exception to be filed. Its office is apparently the same as that of the exceptions mentioned in section 994 of the Code, which makes provision for excepting to a decision of a court or referee where the facts found are separately stated. It was by virtue of this exception alone that the Appellate Division had power to review either the facts or the law, and the order of reversal, which could not have been made if the exception had not been filed, is, as we think, an order granted on an exception. Baldwin's Bank of Penn Yan v. Butler, 133 N. Y. 564 [30 N. E. 646]."

May not some of the decisions before referred to have been made upon the authority of the final clause of this excerpt, without full consideration of the context? If the function of this exception is like that of other exceptions—protest—I fail to see why it should be required to mark a protest against a ruling theretofore marked by a protest, namely, the exception taken thereto. Why should a protest general in its character be required, in addition to a special protest aimed directly at the subject-matter? Why should the absence of a general exception be deemed to make the special exception unavailing, when the office of the former seems to be for protest against the decision, inasmuch as its absence is held to show acquiescence in the decision? If a party can logically both acquiesce in the decision and protest against the rulings of the court, I do not see why his exceptions to the rulings, standing on the record, should be disregarded. Further, if the office of the exception provided for in section 1022 be the same as that of the exception mentioned in section 994, as is said in the Otten Case, supra, we may consider the effect of an omission to take the lat-

ter exception. Such omission does not prevent a review of the rulings. Lanier v. Hoadley, 42 App. Div. 6, 58 N. Y. Supp. 665.

This is not an equity decision. It is the same as a general verdict by a jury (Amherst College v. Ritch, 151 N. Y. 282, 320, 45 N. E. 876, 37 L. R. A. 305); and as, on appeal from a judgment entered upon a verdict, the court may review the exceptions taken on the trial (Third Avenue R. Co. v. Ebling, 100 N. Y. 98, 2 N. E. 878), I do not see why the same rule should not obtain in this case, rather than the rule of the court of chancery.

A reading of the opinions in both Ross' Case and the case cited therein (Hecla Powder Co. v. Sigua Iron Co., 157 N. Y. 437, 52 N. E. 650) shows that in each case the court assumed that the exceptions to the rulings could have been considered, despite the absence of an exception to the decision.

The complaint alleged that plaintiff, "by reason of said fall, suffered serious and permanent injuries to his head and body, and nervous and physical shock; * * * has suffered and will continue to suffer grievous pain in the head and body, loss of sleep, and loss of memory; has been permanently weakened in the head, and incapacitated for arduous physical or mental labor." Evidence of impaired hearing was admitted, although objected to as not pleaded. I think that the exception was well taken. If impaired hearing was not the necessary result of the accident, the question is whether, under the pleading, a defendant could reasonably expect proof of deafness. It is to be noted that the plaintiff, after the general allegations of injury, went on to specify that he has suffered pain in the head and body, loss of sleep, loss of memory, and permanent weakening of the head. And thus the precise question is not like that presented in Ehrgott's Case, 96 N. Y. 264, 48 Am. Rep. 622—whether a general allegation was broad enough to admit evidence of deafness, but whether the general allegation, as explained and limited by the said specifications, warranted such evidence. The distinction is made in Kleiner v. Third Avenue R. Co., 162 N. Y. 193, 201, 56 N. E. 497. A general allegation may put the defendant on inquiry, but a general allegation with specifications may throw even a prudent defendant off his guard, so that he limits his preparation to meet such damages as must result, or as are specified to have resulted, from the accident and the injury inflicted. Where the injuries, though alleged in general terms, are thereafter specified and defined, it is not entirely just to a defendant to say that he should have asked for further specifications at his peril, or, where they seem to be particularized, that he must pay the penalty for not asking for a bill of particulars. In Cibulski v. Hutton, 47 App. Div. 107, 62 N. Y. Supp. 166, though the peculiar circumstances there controlled, the court, per Landon, J., say:

"Special damages, which, although a natural result of an injury, are not the necessary result, ought to be pleaded, and deafness has been placed in this class. Hergert v. Union Ry. Co., 25 App. Div. 218 [49 N. Y. Supp. 307]; Stevens v. Rodger, 25 Hun, 54."

It seems to me that it should be so. Deafness is not a necessary result of an injury to the head or body. Indeed, even though, within the general terms of the allegation, it may be an injury to the head,

certainly it is excluded from the general allegation of nervous or physical shock, and the specifications of pain in the head and body, loss of sleep and memory, and permanent weakening of the head. See, too, Geoghegan v. Third Avenue R. Co., 51 App. Div. 369, 64 N. Y. Supp. 630. In Sealey v. Met. St. R. Co., 78 App. Div. 530, 79 N. Y. Supp. 677, Hirschberg, J., collects numerous authorities upon the general principle, and justly says that the court has gone far in following Ehrgott's Case, supra. In Quirk v. Siegel-Cooper Co., 43 App. Div. 464, 60 N. Y. Supp. 228, the injury was to the eye, and proof was held competent under the allegations of "internal and other bodily injuries." But there was no specification of injury beyond the general allegation, as in this case, and the court said, "I think the evidence was properly admitted, but, even if it was not, the reduction of the recovery has remedied all the injury which the defendant can possibly have suffered by its admission." In Place v. City of Yonkers, 43 App. Div. 380, 60 N. Y. Supp. 171, the allegation was general—"injuries to the head." In Radjavillor v. Third Avenue R. Co., 58 App. Div. 11, 68 N. Y. Supp. 617, the allegation of injury to the left foot, left arm, and left side of the head was held broad enough to permit evidence of injury to the ear. In Mullady v. Brooklyn Heights R. Co., 65 App. Div. 549, 72 N. Y. Supp. 911, the allegation under which evidence of impaired eyesight and impaired hearing was admitted was "injuries to his head, limbs, and nervous system." But in none of these cases did the pleader amplify the general allegation by more specific statements of injuries. In Dixson v. Brooklyn Heights R. Co., 68 App. Div. 302, 74 N. Y. Supp. 49, the complaint was serious and lasting bodily injuries, and injuries to her head, limbs, and nervous system, as well as internal injuries; and the evidence was received without objection, and only subjected to a motion to strike it out.

The judgment should be reversed, and a new trial be ordered; costs to abide the event. All concur, except BARTLETT, J., who dissents.

WILLARD BARTLETT, J. (dissenting). Two forms of decision are provided for in section 1022 of the Code of Civil Procedure, as it now stands: (1) A decision stating separately the facts found and the conclusions of law; and (2) a decision stating concisely the grounds upon which the issues have been decided. The latter form of decision has been abolished by an act of the present Legislature, to take effect on September 1, 1903. I do not think it altogether clear to which class the decision of the city judge of Yonkers in the present case belongs. It contains findings of fact, rather than a statement of the grounds of the decision; but there is no conclusion of law expressly stated, though perhaps one may be implied from the direction that judgment be entered in the plaintiff's favor for the amount of damages which the court finds that he has suffered. Whatever may be the proper classification of the decision, however, I agree with Mr. Justice JENKS that the absence of an exception to it does not deprive this court of the power to review such questions as may have been raised by exceptions to the rulings upon the admission and exclusion of evidence upon the trial. Nevertheless, I am unable to concur in the conclusion that there ought to be a reversal on account of

the admission of testimony to the effect that the plaintiff's hearing was considerably worse at the time of the trial than it was before he was thrown from the defendant's car. The testimony on this subject was as follows:

"Q. Are you able to hear as you did before? (Objected to upon the ground it is not pleaded. Objection overruled. Exception.) A. My hearing is considerably worse than it was before I fell. I could hear good. I cannot hear as distinctly now as I could before the accident. Most of the time I have got to ask twice. If I don't look at the mouth of the person who is speaking, I don't understand."

Here was no attempt to prove permanent deafness. The utmost that the evidence tended to establish was that at the time of the trial—a little more than a year after the accident—the plaintiff's hearing was somewhat impaired, and that he attributed the impairment to defendant's negligence. It seems to me, it would establish too restrictive a rule of pleading to hold that such fact could not be proven under the allegations of this complaint in reference to damage. The defendant did not claim to have been taken by surprise, nor does the judge appear to have awarded anything on account of plaintiff's impaired hearing. His findings on this subject are that "the plaintiff was pitched off the car upon the macadam roadbed, striking on his head and shoulders with great violence, bruising and laming him severely"; and he finds, also, "that plaintiff's injuries were of a serious nature," for which he awards him the sum of $1,000. This is all that the decision contains on the subject of the plaintiff's injuries, and its language seems to me to leave no doubt that the alleged impairment of hearing was not taken into consideration in fixing the amount.

The physician who treated the plaintiff testified that he observed at the trial that plaintiff was hard of hearing, but he was unable to tell whether he was so before the accident or not. In the testimony of this witness as to the permanence of the injuries, no reference was made to any effect of the accident upon the plaintiff's hearing.

It does not seem to me that there was any error on the trial of this case which justifies a reversal. I therefore vote for affirmance.