FORGOTSTON v. BRAFMAN et al. (three cases).

(Supreme Court, Appellate Term.   June 22, 1903.)

1. TRIAL—JUDGMENT—EXCEPTIONS—APPEAL.

Where, in a case tried to the court, no exceptions were filed to a decision not separately stating the facts, the filing of such decision being expressly permitted by Code Civ. Proc. § 1022. no questions of law or fact are reviewable on appeal.

2. LEASE—CONSTRUCTION—DISPOSSESSION.

A lease for a term of years, under which the rent was payable monthly in advance, provided that the last two months' rent should be paid in advance, partly in cash and partly by notes, to be refunded if the lease was terminated before its expiration by a sale of the premises, if the lessee had otherwise performed the covenants of the lease.  *Held*, that the money and notes given for the last two months' rent could not be considered as a deposit to secure the payment of rent, and recoverable on the lessee's dispossession during the life of the lease for the nonpayment of a rent installment.

Appeals from City Court of New York, Special Term.

Three actions by Ella Forgotston against Isaac Brafman and another.   From judgments in favor of plaintiff in each case, and orders denying new trials, defendants appeal.   Affirmed.

On March 24, 1900, plaintiff demised to defendants certain premises for five years, from April 1, 1900, at the yearly rent of $3,600, to be paid in equal monthly payments of $300 each in advance on the first day of each and every month during said term.   The lease contained the following clause:  "The last two months' rent of said premises, viz., $600, is paid in advance on the execution of this lease, as follows:  $300 cash, and $300 by two notes of the parties of the second part of $150 each, payable in sixty and ninety days.   In case this lease is terminated by a sale of said premises before five years from the 1st day of April, 1900, and said parties of the second part have paid in full all rent and surrendered possession of said premises, and otherwise performed all the covenants and agreements therein contained, the said $600 to be refunded to them."   About May 22, 1900, defendants were dispossessed for nonpayment of the monthly installment due May 1st.   Thereupon one of the above actions was brought for the rent due, and the other two on the notes, one for each note.   In the action for rent the defendants set up the $300 paid plaintiff on account of the last two months' rent as a counterclaim, and in the other two actions the defendants claimed that by reason of the fact that they were dispossessed of the premises that the notes never became payable.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Henry Kuntz, for appellants.

James C. De La Mare, for respondent.

PER CURIAM.   The judgments in these cases are correct and must be affirmed.   The decision of the court was in short form, under section 1022 of the Code of Civil Procedure, and no exceptions

were filed to such decision. This deprives this court of the power to review any questions of law or of fact. National Protective Ass'n v. Cumming, 53 App. Div. 227, 65 N. Y. Supp. 946; Reiners v. Niederstein, 55 App. Div. 80, 67 N. Y. Supp. 41.

But assuming that the defendants had filed exceptions to the decision of the court below, an examination of the evidence does not disclose any defense to the plaintiff's cause of action. By no reasonable construction of the clause in question in the lease can it be held that the $300 cash which was set up as a counterclaim, and notes sued on, were deposited as security for the payment of rent. The contract between the parties was an entire one, and the defendants were required therein to perform "all the covenants and agreements" upon their part. This they failed to do. They defaulted in payment of the rent due May 1, 1900, thereby depriving themselves of the enjoyment of the premises and violating the terms of the contract. None of the authorities cited by the defendants' attorney apply to the facts in this case. They have reference to cases where money has been deposited as security for rent, and not to a case, as here, where rent is paid in advance.

Judgments affirmed, with costs of one appeal and disbursements in each case.

MacLEAN, J. I concur in the result, on the ground that the parties in their agreement stipulated the only condition upon which the "$600" was to be refunded to the defendants, which condition was other than dispossession for nonpayment of rent.