WILLIAM H. MOGK, Respondent, *v.* THE NEW YORK AND NEW JERSEY TELEPHONE COMPANY, Appellant.

*Negligence — injury to one driving along a highway from coming in contact with a guy rope used in erecting a telephone pole — " serious and lasting bodily injuries" include abnormal thickening of the cartilages of the ribs.*

Where a telephone company, in the process of erecting a telephone pole at the side of a street, strings a guy rope across the street, one end of which is attached to a pole at a distance of about fifty feet above the ground and the other end similarly attached at a distance of seven or eight feet above the ground, a person driving along the street in a covered wagon in the daytime, who sustains personal injuries in consequence of the rope striking the cover of the wagon and dragging him and the cover to the ground, cannot be said, as matter of law, to be guilty of contributory negligence in not seeing the rope, it not being an obstruction naturally to be anticipated, but that question is one of fact which should be submitted to the jury.

A complaint in an action to recover damages for personal injuries, which alleges that the plaintiff sustained " serious and lasting bodily injuries," is sufficient to authorize the admission of proof that, as a result of the accident, the cartilages of the plaintiff's ribs were abnormally thickened or enlarged.

APPEAL by the defendant, The New York and New Jersey Telephone Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 10th day of February, 1902, upon the verdict of a jury for $2,890, and also from an order entered in said clerk's office on the 11th day of February, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Eugene Lamb Richards, Jr.* [*Arnold W. Sherman* with him on the brief], for the appellant.

*S. S. Whitehouse,* for the respondent.

HIRSCHBERG, J. :

The plaintiff was injured while driving upon Fort Hamilton avenue, in the borough of Brooklyn, on the morning of August 22, 1900. .The defendant was engaged at that time and place in planting a new telephone pole at the side of the street, and in the course of the work had strung a guy rope across the avenue, one end of which was attached to a pole at a distance of about fifty feet above the ground and the other end was similarly attached at a distance of seven or eight feet above the ground. At the place where the plaintiff was driving the rope was about ten feet high. The plaintiff's wagon was covered. The rope struck the cover, tearing it from the wagon and pulling the plaintiff across the wagon, over some barrels which were in it, and finally throwing him to the ground.

There was some evidence of defendant's negligence. That the rope constituted a menace to travel will not be disputed. In recognition of this fact the defendant had a man stationed at the point in question to warn people of the rope, and while there is considerable evidence that he was not only engaged in the performance of this duty at the time, but actually called to the plaintiff to " look out for the rope," there is some evidence that at the time of the accident he was not there at all. The man died before the trial. The evidence of those who testified that he gave the warning tends to show that he was at the time 100 feet distant from the plaintiff. The conflicting evidence on the question of defendant's negligence was properly submitted to the jury.

The plaintiff was not bound to see the rope, and cannot be charged with contributory negligence as matter of law. The reasonable care which the law imposed on him under the circumstances was clearly and correctly stated in the charge. The learned counsel for the appellant insist, however, that the rope was so plainly visible that it was physically impossible for the plaintiff not to see it, if he exercised even the slightest care. The question in that view was for the jury. What was said in *Strutt* v. *Brooklyn & R. B. R. R.*

*Co.* (18 App. Div. 134), on which the counsel rely, to the effect that the failure to see obstructions constitutes contributory negligence, relates to such obstructions as are to be naturally anticipated and which are in the direct pathway of the passenger. The rope here was not such an obstruction as was to have been anticipated in the ordinary use of the highway, and, in the absence of anything tending to warn travelers of its existence, it cannot be said that a careful person engaged in driving must of necessity have seen the danger and avoided it. Other cases cited relate to the care required in crossing railroad tracks, where danger is always to be apprehended, and have no controlling application in this instance.

The plaintiff proved that the cartilages of his ribs were abnormally thickened or enlarged and that such an injury could have resulted from the accident. The physician who testified to this condition examined the plaintiff a year and five months after the occurrence, and the grounds of the motion made by the appellant to strike out · his testimony were that the injury was not included in the complaint and not connected with the accident. The complaint alleges " serious and lasting bodily injuries," and must be deemed sufficient on the authority of *Quirk* v. *Siegel-Cooper Co.* (43 App. Div. 464) and *Ehrgott* v. *Mayor* (96 N. Y. 278). The plaintiff testified that he had no trouble with his ribs at the time of the accident, and that immediately after the accident he called the attention of his attending physician to his ribs. While there is evidence that the condition of the ribs might have arisen from other causes, the case seems within the ruling in *Turner* v. *City of Newburgh* (109 N. Y. 301). Moreover, the point now under consideration could not be raised by a motion to strike out the evidence of the physician, which was given before that of the plaintiff. And no objection was made to the final submission by the court to the jury of the alleged condition of the plaintiff's ribs as an item of possible damage.

The other questions presented do not seem to require detailed consideration.

The judgment and order should be affirmed.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ.

Judgment and order unanimously affirmed, with costs.