## Louisville Railway Company v. Veith.

(Decided February 12, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, No. 2).

1. Personal Injuries—Evidence—What are Parts of a Man's Body.— In a personal injury action under a general allegation that the plaintiff received "great and lasting injuries to all parts of plaintiff's body," evidence of an injury to his leg or ankle may be introduced. While it may be that the trunk of a man's frame is the main part of his body, his head and limbs are also parts of his body as the term is generally used.

2. Pleadings—Construction of.—In the construction of pleadings words used therein will be given their generally accepted and usual meaning.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE, for appellant.

O'DOHERTY & YONTS for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

The only question raised on this appeal is, whether under a general allegation of "great and lasting injuries

to all parts of plaintiff's body," in a personal injury action, evidence of an injury to the leg and ankle of the plaintiff is competent.

General allegations of negligence and injury have been frequently upheld by this court, and the sole question is whether or not one's leg is a part of his body within the meaning of the pleading. Webster's New International Dictionary defines the body to be,

"The trunk or main part, and, especially, of a person, animal or plant, as distinguished from the limbs and the head,'" while Funk & Wagnall's Standard Dictionary gives the following definition:

"The trunk or main part of an animal or thing as distinguished from the limbs and the head."

From these definitions it is argued for appellant that the evidence of injury to the leg and ankle of appellee was incompetent because the leg is not a part of the body; that the body, properly speaking, is only that portion of the human frame which, excluding the arms, lies between the hips and the neck, and that neither the head, rms, or legs may be properly embraced within the general term "body," as applied to a human being.

But this view cannot be upheld by the very definitions relied upon by appellant; while it may be that the trunk of a man's frame is the main part of his body in the sense that it contains most of the vital organs, yet the definitions themselves from their very wording do not exclude the idea that the head and limbs are a part of the body, but are inferentially referred to as a lesser part as distinguished from the main part.

But, independent of the technical definition of the word "body," in the construction of pleadings it is the general rule that the words therein will be given their usual and generally accepted meaning, and it would be a startling thing to say that if a man's skull was crushed or his limbs broken he had suffered no injury to his "body," as that term is generally used.

C. & O. Ry. Co. v. Roberts, 106 S. W., 835; Quirts v. Siegel-Cooper Co., 60 N. Y. Sup., 228 (43 App. Div., 464); L. & N. R. R. Co. v. Richmond, 67 S. W., 25.

Judgment affirmed.