JOHN HOWARD MELISH, Plaintiff, *v.* NEW YORK CONSOLIDATED RAILROAD COMPANY, Defendant.

(Supreme Court, Kings Trial Term, July, 1919.)

**Verdict — when excessive, may be reduced — negligence.**

> An eminent clergyman in the night time slipped and fell into an open space on defendant's unlighted and unguarded elevated railroad stairs leading to one of its stations where one of the

steps was out. Notwithstanding that his right wrist and hip bone were badly fractured, he is able to follow his vocation and to write without substantial physical restriction, but a limp due to shortening of the leg and the lack of grasp and impairment of motion in his right hand and wrist are permanent. *Held,* that the court being satisfied that a verdict of $48,000 was unduly enlarged by the jury's belief that defendant was guilty of gross negligence, it was its duty to reduce the verdict to $30,000 upon plaintiff filing the usual stipulation.

MOTION to set aside verdict as excessive.

Edward J. Byrne, for plaintiff.

Thomas L. Hughes, for defendant.

KAPPER, J.   The authority conferred upon the trial court by section 999 of the Code of Civil Procedure to set aside a verdict because the same is for excessive damages, involves the exercise of a sound judicial discretion.   The power in a proper case must be exercised.   The courts, as was said by Mr. Justice Cullen in *Meade* v. *Brooklyn Heights R. R. Co.,* 3 App. Div. 432, '' are very chary of interfering with the award of damages made by juries, but there must come a point at which it is our duty to intervene.'' In the present case, the plaintiff recovered a verdict of $48,000 for personal injuries.   He is a clergyman of eminence.   He had a severe fall occasioned by stepping into an open space in the night-time on the defendant's unlighted and unguarded elevated railroad stairs leading to one of its stations where one of the steps was out.   He was seriously injured.   His right wrist was badly fractured and his hipbone suffered a similar result.   He walks with a limp, and has not the free use of his right hand.   Notwithstanding these serious impairments, he is enabled to follow his vocation and to write without substantial physical restriction.   His expenditures incurred in an endeavor

to effect a cure amounted to upwards of $2,000. He seems to have suffered no other actual money loss in so far as concerns a diminution of his salary, nor a depreciation thereof during his disability. Such injuries as he suffers from today, that is, the limping due to some shortening of the leg and the lack of grasp and impairment of motion in the right hand and wrist, are permanent. Defendant insists that the verdict should not have exceeded $10,000, while the plaintiff quite naturally contends that the verdict should not be disturbed. " I know of no precedents that establish a schedule of compensation for injuries, and certainly there is none that binds a trial court in the exercise of its sound discretion upon the facts of any particular case. Prior decisions may guide and enlighten the court, and, in a sense, may constrain it, but they need not restrain it, for the reason that no two cases morally can present precisely similar circumstances of pain, suffering, impairment or of loss." Per Jenks, J., in *Mullady* v. *Brooklyn Heights R. R. Co.,* 65 App. Div. 549, 551. There must, however, at this period of time be a consideration of the purchasing power of the dollar. The diminished extent to which money will go is a factor that cannot be ignored. Hence, changed conditions in that respect demand a changed standard. Had this verdict been rendered five years ago I doubt whether it would be questioned even by the prevailing litigant that the result was out of all proportion and reason. I am unable to accept defendant's view, for the evidence of permanent suffering is clear and satisfactory, although it may not at present appear that there will be an actual diminution in plaintiff's earning power. But with a permanent crippling such as is here established it is not too speculative to say that plaintiff's future earning capacity may be affected. I have considered the case

in all its aspects with due care, and am constrained to reach the conclusion that the verdict was unduly enlarged by the belief which must have been entertained by the jury that the defendant exercised practically little or no care and that its negligence was gross. I feel that the duty resting upon me under the Code requires a reduction of the verdict to the sum of $30,000, which will accordingly follow upon the plaintiff's filing the usual stipulation.

Ordered accordingly.