[Civ. No. 5814. First Appellate District, Division Two.—August 22, 1927.]

KANSABURO OHSAKI et al., Respondents, v. W. J. AHERN, Appellant.

L. M. Hoefler, Finlay Cook and George F. Snyder for Appellant.

Crofton & Wetmore and Charles A. Wetmore, Jr., for Respondents.

KOFORD, P. J.—Defendant appeals from a judgment of six thousand dollars upon the ground that the court applied the wrong measure of damages.

Defendant leased to plaintiffs a tract of rice land in Sutter County for the term of three cropping seasons. Plaintiffs paid six thousand dollars rent in advance which was, as the lease stated, the rent for all the first year and part of the second. Owing to defendant's failure to pay when due a deed of trust which he had previously executed, the land was sold under foreclosure proceedings. The purchaser, as the new owner, asserted his rights superior to the rights of plaintiffs under their lease and plaintiffs thereupon surrendered to him. The lease was executed November 16, 1920. The deed of trust fell due January 1, 1921, and title passed out of defendant by foreclosure May 7, 1921. The plaintiffs, therefore, obtained no benefit whatever from the lease, as they did not have time to plant a crop for the first cropping season. The plaintiffs served on defendant proper notice of rescission of the lease and demanded back the six thousand dollars upon the ground of failure of consideration. Judgment was for plaintiffs upon this theory.

It is the claim of defendant that the court should have applied what he claims to be the correct and only measure of damage for eviction, i. e., the difference between the rent reserved and the value of the use and occupation. He claims that he had the best of the bargain, that the rent reserved was much greater than the value of the use and occupation and that, therefore, the plaintiffs cannot recover the full amount paid, but only the value of their lease as a whole, having regard to the claim that the agreed rent was more than the use of the land was worth. If defendant wanted to keep the benefit of his bargain he should have performed his part of it. His argument takes no account of the fact that the rent was paid in advance for a part

of the term not enjoyed. Plaintiffs were awarded no damages for the violation of their contract right to occupy the land in exchange for the agreed rent. Defendant gave to plaintiffs no enjoyment of the leasehold and is not entitled to keep the rent paid in advance for it any more than he could recover unpaid rent for a period after eviction. (*Mallette* v. *Hillyard,* 117 Ga. 423 [43 S. E. 779]; Underhill on Landlord and Tenant, secs. 334, 697, and 698.)

Whether this be an action to recover the fruits of a rescission for an entire failure of consideration or an action to recover rent paid in advance for a period of leasehold subsequent to an eviction the judgment for the amount paid in advance by the plaintiffs is correct.

Judgment affirmed.

Sturtevant, J., and Nourse, J., concurred.