RAY ROSEN, Plaintiff, *v.* STERLING SYMPHONY, INC., Defendant.

City Court of the City of New York, Trial Term, New York County, October 19, 1948.

*Irwin Levine* for plaintiff.

*Galli & Locker* for defendant.

CAPOZZOLI, J.  A jury has awarded to the plaintiff a verdict in the sum of $1,600 for personal injuries.  Defendant has moved to set aside the verdict on all grounds specified in section 549 of the Civil Practice Act, including excessiveness.

The evidence was such that the jury could reasonably find that the plaintiff lost seven weeks' work at $45 per week and that she expended the sum of $50 for doctor's bills.  She was last examined by the doctor who testified in the case three or four weeks before the trial, at which time she was found to be still suffering from tenderness on the left side of the hip.  There was evidence in, the case indicating that the plaintiff, a middle-aged woman, is still suffering with severe pains in the head, dizziness, nausea and pain in the region of the left hip, although the accident happened on May 23, 1947.

The case presented a distinct question of fact and the court certainly would not be justified in disturbing the verdict on any ground, except possible excessiveness.  The court has given this phase of the case careful consideration.  In the light of the times in which we are living this court cannot say that this verdict is excessive.  If such a verdict had been returned eight years ago a different situation would be presented.  " There must, however, at this period of time be a consideration of the purchasing power of the dollar.  The diminished extent to which money will go is a factor that cannot be ignored.  Hence, changed conditions in that respect demand a changed standard." (*Melish* v. *New York Cons. R. R. Co.*, 108 Misc. 291, 293.)  Presiding Justice PECK, Appellate Division, First Department, in addressing the New York County Lawyers' Association, in May of this year, amongst other things, said: " It is also a fact that inflation has entered the court as it has everywhere else."

After carefully reviewing the evidence in the case, and considering the present complaints of the plaintiff, supported by her own testimony and the testimony of her doctor, this court cannot say, under present living conditions, that this verdict is excessive.

The motion is, therefore, denied.

Ten days' stay of execution of judgment and thirty days to make and serve a case.