MAXFIELD *v.* JONES.

Opinion delivered January 27, 1913.

1.  EVIDENCE—VARYING WRITTEN CONTRACT BY PAROLE—FALSE REPRESEN-
    TATIONS.—Defendant, president of a corporation represented to
    plaintiffs that the corporation held the note of one J., and in con-
    sideration of the sale by plaintiffs to the corporation of certain
    property the corporation assigned in writing the obligation from
    J. to it "without recourse on us for any part of the same." In a
    suit by plaintiffs against defendant, *held*, (a) parole evidence is
    inadmissible to vary or contradict the terms of the written assign-
    ment, to show that defendant had guaranteed to plaintiffs the
    collection of the assigned obligation; (b) but testimony is admis-
    sible as to misrepresentations made by defendant concerning the
    execution and validity of the note. If defendant made false and
    deceitful representations as to the validity of the note, he is liable
    to plaintiffs for any damages they sustained thereby.  (Page 351.)

2.  ASSIGNMENT OF LOST NOTE—FALSE REPRESENTATIONS.—The assignment
    in writing of a note is valid, even though the note is lost, and
    when the assignment is *without recourse* the assignor is liable only
    for damages due to his false representations.  (Page 352.)

3.  ASSIGNMENT OF CLAIM—FALSE REPRESENTATIONS.—When M. assigned
    in writing its claim against J. to plaintiffs, it is immaterial whether
    said claim is a note or written contract, unless it be shown that
    M. made false representations as to the form of the same, and the
    plaintiffs were thereby injured.  (Page 352.)

Appeal from Independence Circuit Court; *R. E. Jeffery*, Judge; reversed.

*R. A. Dowdy* and *Oldfield & Cole*, for appellant.

1.   The claim was assigned "without recourse" and thus the assignor was relieved of all liability for failure to realize on the claim, 62 Ark. 595.

2.   Parol evidence is not admissable to vary or contradict a written instrument.   67 Ark. 494; 73 *Id*. 431;

4 Cyc. 111. The testimony of T. J. Jones was hearsay merely.

3. The court erred in its instructions, citing 6 S. R. A. 279; 52 Fed. 705; 3 Suth. on Damages, § 761. No damage was shown on account of the Jackson judgment. See 34 Ark. 323; 4 Thomps. on Corp. § 4725; Kirby's Dig. § 509. The liability of defendant did not depend upon the delivery of the note.

*Samuel M. Casey,* for appellees.

1. Appellees did not buy an account, but a note, and defendant was liable for fraudulent misrepresentations. 31 Cyc. 1559, 1561; 22 Ark. 517.

2. Parol evidence is admissable to show false and fraudulent misrepresentations, as to a written contract. 73 Ark. 542; 87 *Id.* 614. It is also admissable to show that the contract was executed conditionally. 88 Ark. 383.

3. Reviews the instructions and contends that there is no error. 74 Ark. 557; 76 *Id.* 472; 20 Cyc. 141.

McCulloch, C. J. This is an action instituted in the circuit court of Independence County by T. J. Jones and J. H. Nash against Theodore Maxfield to recover the value of certain farming implements and machinery alleged to have been sold and delivered by the plaintiffs to the defendant in consideration of the assignment of a certain promissory note executed by one Jackson to the Theo. Maxfield Company, a corporation of which defendant was president. Jackson rented a farm in Independence County from said corporation to cultivate during the year 1905, and the parties (Jackson and the Theo. Maxfield Company) entered into a written contract concerning the transaction. Jackson owned the farming implements and machinery mentioned in this controversy, and after the expiration of his tenancy sold the same to the plaintiffs, taking their note for $210, the price thereof. Said corporation asserted a claim to the amount of about $400 as balance due from·Jackson on the rent of the farm, and it made a written assignment of the

claim to the plaintiffs in consideration of the sale of the aforesaid property. Subsequently Jackson sued plaintiffs for the amount of the note executed by them to him, and they attempted to set off the claim assigned to them by the Theo. Maxfield Company; but failed in that defense, and Jackson recovered a judgment against them for the sum of $170 and costs of the action, amounting to about $36. They then instituted this action against the defendant, Theodore Maxfield, alleging that he had falsely, fraudulently and deceitfully represented to them that the claim against Jackson was a valid claim and was evidenced by a promissory note, which had been lost or misplaced, and that they were induced by said false representations to accept an assignment of the claim without the note being produced on the further verbal promise that the note would be produced and assigned when found. They further alleged that defendant had agreed to assign the note without recourse but verbally guaranteed the validity of the note as a set-off against the note of plaintiffs to Jackson and agreed to make good the amount in the event they failed in their attempt to set off the claim against the Jackson note. The complaint contains two paragraphs, the second setting forth substantially the same facts as those set forth in the first paragraph, and the same amount of damages, towit: the sum of $250, is prayed for in each count. Said corporation was joined as defendant in the suit, but a motion was made by said defendants to require the plaintiffs to elect upon which paragraph of their complaint they would stand and as to which defendant they would proceed against; and thereupon the plaintiffs dismissed as to said corporation and elected to proceed against the defendant, Theodore Maxfield. He filed an answer denying that he made any false representations to the plaintiffs as to the value of the Jackson note, or that he guaranteed the validity of the claim, or that he agreed to make good any loss sustained by reason of their failure to successfully set off the claim against the Jackson note. He alleged that said corporation agreed

to assign and transfer its claim against Jackson to plaintiffs without recourse, and did so assign it.

The trial of the cause resulted in a verdict and judgment in favor of the plaintiffs for the sum of $175 on the first paragraph and $35 on the second paragraph, and the defendant appealed to this court.

There is a conflict in the testimony as to whether or not Jackson ever executed to said corporation a promissory note. Jackson testified that he did not execute a note but merely entered into a written contract for the rent of the land at a stated price per acre, but that at the end of the crop season he compromised and settled the claim by paying a certain proportion of the proceeds of the crop raised on the farm. Defendant testified that a promissory note, in the sum of $500, the rental price of the farm, had been executed to the corporation by Jackson, and that a balance of about $400 remained unpaid. He testified further that the note was lost or misplaced at the time of the assignment of the claim to plaintiffs, but that he afterwards found the note and delivered it to an attorney at law who was representing the plaintiffs in their litigation with Jackson. The testimony adduced by plaintiffs tended to show that the note was never delivered to them.

It is undisputed that said corporation, acting through defendant, its president, executed and delivered to plaintiffs the following assignment in writing of the alleged claim of the corporation against Jackson:

"J. N. Jackson, To The Maxfield Company, Dr. To balance on note given for rent on that part of a farm belonging to the Theodore Maxfield Company, known as Prairie Beach, lying north of the turning row, $500. Credits: (Here follows list of credits, aggregating $149.91, and showing balance due on the note, after adding interest of $402.96.)

"(Endorsed on back:) For value received we hereby assign the within account to Jones and Nash, and transfer all our rights to the same to the said Jones and Nash, but without recourse on us for any part of same if said

Jones and Nash fail to collect any part of same for any reason whatever. This June 20, 1908.

"(Signed): Theo. Maxfield Company, Theo. Maxfield, President."

Plaintiffs testified that the defendant represented to them that he held the note of Jackson, on which there was a balance of $402 unpaid; that the note was lost or misplaced at the time, but that he would find it, if possible, and deliver it to them, and that on the faith of those representations they sold him the machinery and agreed to accept an assignment in payment therefor.

They were allowed, over defendant's objection, to testify that defendant also represented to them that they could use the note or claim as a set-off against their indebtedness to Jackson and guaranteed that, if they had any trouble over the note, he would make good the loss. They admitted that they accepted the assignment of the claim in the form hereinbefore set forth and that they understood at the time that it meant a release of the assignor from liability.

The written contract of assignment stated in express terms that the assignment was "without recourse" on the assignor and that it was a transfer merely of all of the right of the assignor in and to the claim. This form of assignment relieved the assignor of any liability to plaintiffs for the failure to realize on the claim as a set-off against the Jackson note, or otherwise. *Spencer* v. *Halpern,* 62 Ark. 595.

The written assignment constituted the contract between the parties, and parol evidence was inadmissible to contradict or vary its terms for the purpose of showing that the assignor guaranteed the collection of the set-off on the claim. *Tisdale* v. *Mallett,* 73 Ark. 431; *Lower* v. *Hickman,* 80 Ark. 505; *Arden Lumber Co.* v. *Henderson, I. W. & S. Co.,* 83 Ark. 240. In *Lower* v. *Hickman, supra,* the court said:

"Oral evidence of a warranty is almost universally excluded when a complete written instrument evidences the sale. It is not important that the instrument be

signed by both parties, for acceptance of the other may be equally binding, and the principle here invoked is as often applied to unilateral as to bilateral instruments."

Even if it can be said that the written instrument was not complete as to the assignment of the lost note, still the plaintiffs themselves conceded that defendant's agreement was to assign it, when found, without recourse.

The court erred, therefore, in admitting oral testimony as to the alleged agreement to guarantee the collection of the claim.

No rule of evidence was violated, however, in admitting testimony as to the alleged misrepresentations concerning the execution and validity of the note, and the only cause of action which the testimony adduced by plaintiffs tended to establish was as to the alleged misrepresentations in that respect. If the defendant falsely and deceitfully represented to the plaintiffs that said corporation held the note and that it was a valid claim against Jackson, and the plaintiffs were deceived thereby to their injury, then the defendant is liable to them for any damage which they sustained.

The court, over the objection of defendant, gave the following instructions:

"No. 1. Gentlemen of the jury, if you believe from the evidence in this case that the defendant, Theo. Maxfield, falsely and fraudulently represented that he or the Theo. Maxfield Company was the owner of a promissory note in favor of either Maxfield or the Theo. Maxfield Company, and that by reason of said false and fraudulent representations so made to the plaintiffs that they were induced to and did purchase same of the defendant, Theo. Maxfield, and that said Maxfield, or the Theo. Maxfield Company, were not the owners of any such note against J. N. Jackson as defendant represented, then you should find for the plaintiffs in such sum as you may find they have been damaged by reason of said representation."

"No. 2. You are instructed that if you believe from a preponderance of the evidence in this case that the

defendant, Theo. Maxfield, contracted and sold to the plaintiffs a certain promissory, negotiable note against J. N. Jackson, when the defendant nor the Theo. Maxfield Company did not have such note against J. N. Jackson as they represented, or did not deliver same to the plaintiffs, then you should find for the plaintiffs such sum against the defendant Theo. Maxfield as you may find they have been damaged thereby.''

"No. 3. You are instructed that although you may find from the evidence that the defendant, Theo. Maxfield, or Theo. Maxfield Company, did have said claim against J. N. Jackson, but that said claim was not evidenced by a negotiable promissory note, the plaintiffs would be entitled to recover from the defendant such sum of money as you may find they paid him for same, with interest.''

Instruction No. 2 was erroneous in making the liability of the defendant depend upon the delivery of the note to the plaintiffs. The written contract operated as an assignment of the note whether delivered or not, and the jury might have found, from the testimony, that there was a valid note which had been lost and was never actually delivered. Moreover, this instruction changed the whole nature of the action and made the liability of the defendant depend upon a breach of the contract and not upon the alleged false representations.

Instruction No. 3 was erroneous for the reason that it declared liability of the defendant if the claim was not evidenced by a negotiable promissory note, even though the debt of Jackson constituted a valid claim and was evidenced by a written obligation, though not in the form of a negotiable promissory note. It is undisputed that Jackson's obligation was evidenced by a written contract, and the only conflict between the testimony of defendant and Jackson was as to the form of the writing, whether it was a promissory note or merely a rent contract, and as to whether or not it had been paid or satisfied. If, therefore, defendant caused to be assigned to plaintiffs a valid and subsisting obligation of Jackson, it was imma-

terial whether it was in the form of a negotiable promissory note or merely a written contract, unless it be shown that the defendant made false representations as to the form of the obligation and the plaintiffs sustained injury by reason thereof.  In other words, if defendant caused a valid and subsisting written obligation of Jackson to be assigned, it could in law be set-off against plaintiff's note to Jackson, and no injury could have resulted, unless fraud or deceit was practiced by defendant in making representations as to the validity of the debt.

The giving of each of these instructions constituted prejudicial error, as well as the error, before stated, in admitting testimony varying the terms of the written contract.

For the errors indicated the judgment is reversed and the cause remanded for a new trial.