## BLOCH *v.* TUCKER.

### Opinion delivered March 17, 1913.

1. LANDLORD AND TENANT—RENTS—PREMISES DESTROYED BY FIRE.—Where appellee's lease provides for payment of rent monthly in advance with the stipulation that "if said premises are destroyed by fire * * * said lessee shall have the privilege to terminate this lease, or continue the same, at his pleasure," and the building burned and appellee elected to terminate the lease, he can not recover from the lessor the portion of the rent paid in advance, in the absence of a provision in the contract that it shall be paid back. (Page 351.)

2. LANDLORD AND TENANT—LEASE—COVENANT TO REPAIR—WARRANTY.— In the absence of covenants in the lease of warranty and to repair the leased premises, the landlord will not be liable to the tenant for damages due to bad condition of the roof. (Page 352.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed and dismissed.

*Hill, Brizzolara & Fitzhugh,* for appellant.

1. The evidence introduced to show that appellant made the statement that the roof did not leak was not admissible, if introduced to show a warranty, its effect would be to add to, contradict or vary a written instrument, and if offered to show fraud, it was not responsive to the allegations of the complaint. 95 Ark. 131; 44 Ark. 496; 92 Ark. 509; 77 Ark. 355. Bloch's promises to repair, being without consideration, were a nullity. Underhill on Landlord and Tenant, § 514; Jones on Landlord and Tenant, § 598; Tiffany on Landlord and Tenant, § 87, p. 583. Appellee, notwithstanding any promises by appellant, can not recover because of his own contributory negligence in allowing his goods to be exposed to the weather, knowing as he did, the condition of the

premises, and having the means at hand with which to protect his goods from the rain and weather changes. 56 N. Y. 420, 423; 38 A. D. (N. Y.) 441; 10 S. E. 934.

2. A portion of rent paid in advance can not be recovered back on the destruction of the leased premises, nor will a stipulation in the contract allowing the lessee to surrender premises in the event of destruction, entitle him to recover a proportionate part of rent so paid. 56 O. St. 39; 24 Cyc. 1159; Jones, L. & T., § 677; Tiffany, L. & T., § 182, p. 1197; *Id.*, p. 1071; 121 Mich. 369; 64 Ill. App. 513; 49 A. D. (N. Y.) 135; 167 N. Y. 611.

*H. C. Mechem,* for appellee.

1. Where a party about to let premises for use as a storehouse, the roof of which can not be examined by the lessees to ascertain its condition, misrepresents the condition of the roof to the lessee and thereby induces him to lease the premises, he can not escape responsibility for the damages resulting to the lessee by reason of the unsound condition of the roof, and it is immaterial whether the false representations were knowingly or innocently made. 30 Ark. 535; 38 Ark. 340; 60 Ark. 388.

2. Appellee is entitled to recover the unused part of the rent paid in advance, the same being without consideration received by him. 33 Pac. 965.

McCULLOCH, C. J. Appellant owned a building in the city of Fort Smith and by written contract leased the same to appellee for a term of years, a rental price of $125 per month being stated in the contract, payable monthly in advance.

The contract contained a stipulation that "if said premises are destroyed by fire  *  *  *  said lessee shall have the privilege to terminate this lease, or continue the same, at his pleasure."

The building was destroyed by fire on January 11, 1911, during the life of the lease.

Appellee elected to terminate the lease and gave notice to that effect. He then instituted this action against appellant to recover $75, the proportionate part

of the rent for the month of February paid in advance. He also alleged that "he was induced to enter into said lease by the defendant representing to him that the roof of said premises was sound and in good condition; that said representation was untrue and said roof leaked and the goods, wares and merchandise of plaintiff were damaged in the sum of $100," and prayed for recovery for said damages.

The case was tried before the court sitting as a jury, and the court found in favor of appellee on both paragraphs of his complaint and rendered judgment against appellant.

The law seems to be well established that rent paid in advance can not be recovered by the tenant on the destruction of the premises unless the contract provides that it shall be paid back. 24 Cyc. 1159; *Lieberthal* v. *Montgomery,* 121 Mich. 369; *Felix* v. *Griffiths,* 56 Ohio St. 39; *Werner* v. *Padula,* 49 App. Div. (N. Y.) 135, 167 N. Y. 611.

The stipulation in the contract in this case that "if said premises are destroyed by fire　＊　＊　＊　said lessee shall have the privilege to terminate this lease," is not sufficient to authorize the recovery of rent paid in advance. A fair interpretation of that clause leads to the conclusion that it only authorizes the termination of the unperformed part of the contract, which would not include the right to recover the rent paid in advance under the contract.

A case almost identical upon the facts is that of *Tarkovsky* v. *Hess,* 64 Ill. App. 513. There the contract under consideration provided that "upon the destruction of said premises by fire the term hereby created shall cease and determine." The question was whether rent paid in advance could be recovered by the tenant. The court, in deciding against the right of such recovery, said:

"Can a proportionate part of such payment be recovered back? We think not. The contract of the parties ought to govern. They provided by their agreement

how. the rent should be paid, but did not agree that the rent should be abated for any part of the time for which it should be paid in case the premises should be destroyed. Their only agreement with reference to a destruction of the premises, was that the lease should thereupon terminate   *   *   *   But as to rent previously paid they made no provision, and we do not feel called upon to make one for them.''

The contract did not contain a covenant on the part of the landlord to repair the premises, nor did it contain a warranty of the condition of the roof. Any attempt to engraft a warranty upon the written contract of lease would vary its terms and is, therefore, not permissible under the rules of evidence. *Delaney* v. *Jackson,* 95 Ark. 131; *Maxfield* v. *Jones,* 106 Ark. 346.

That rule does not, however, exclude the right to establish a cause of action for false representations concerning the subject-matter of the contract. Appellee testified that appellant told him the roof was in good condition and did not leak; but the testimony is not sufficient to establish fraudulent representations which appellee relied on to his disadvantage. In fact, the court made an express finding ''that the defendant was guilty of no fraud in the transaction with plaintiff.'' The court further found that appellant ''failed and neglected to repair the roof while plaintiff was relying on him to repair same as per his repeated promises.'' But this did not justify a recovery of damages on account of the condition of the roof, because, as before stated, the contract contained no covenant to repair nor covenant as to the condition of the roof. The court's judgment was, therefore, inconsistent with the special finding of facts.

The judgment upon each paragraph of the complaint is erroneous and must be reversed. The case being fully developed it is not necessary to remand the cause for a new trial, but will be dismissed here. It is so ordered.