EVANS *v.* McCLURE.
Opinion delivered June 16, 1913.

1. LANDLORD AND TENANT—SUBLEASE—LIABILITY OF ORIGINAL LESSEE. —Where A. leased premises from B. and, without B's consent, sublet to C., A. is still liable to B. for the rent where B. did not accept a surrender from A. and agree to release him from liability. (Page 535.)

2. LANDLORD AND TENANT—RENT—PAYMENT IN ADVANCE—EFFECT OF.— A. leased premises from B. for five years at a rental of $300 per month, the contract stipulating that A. pay B. $900 as an advance payment of rent, which, under the terms of the contract, was to be applied on the rent for the last months of the lease. A. subleased the premises and they were sublet again to C.; C. defaulted in the payment of the rent after several months and claimed that the $900 be applied on the rent for which he was in default. *Held,* by the terms of the contract the payment of $900 paid by the original lessee, was a payment in advance of rent, and there being no provision in the contract that it should be paid back, it is not recoverable by C, nor to be applied on the rent on which he is in default. (Page 536.)

3. COSTS—STATEMENT OF FACTS—PRACTICE IN SUPREME COURT.—Where the facts are undisputed in an action, and the defendant offered to prepare a short statement of facts, which would have been satisfactory to the court, but was required by the plaintiff to put into the record the detailed testimony of witnesses at a cost of $41.70, *held,* although the plaintiff was successful on appeal, the $41.70 costs will be taxed against the plaintiff. (Page 537.)

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; affirmed.

STATEMENT BY THE COURT.

Rumina E. McClure owned a lot on Main Street, in the city of Little Rock, Arkansas, on which was a building equipped and fixed up for the display of motion pictures, and rented it for that purpose to E. H. Hulsey for the term of five years from and after the first day of November, 1910, at a monthly rental of $300, payable in advance. The lease contract was in writing, and, among other provisions, contained the following:

"Nine hundred dollars to be paid, in advance, for the last months of the term of this lease, and three hundred dollars on or before the first day of November, 1910, and the residue at the rate of three hundred dollars monthly, on the first day of each succeeding month, in advance, until the first of August, 1915. It is understood and agreed, between the parties hereto, that, on the nine hundred dollars mentioned herein, it being an advance payment of rent, for the last three months of the term of the lease, that the same shall bear four per cent interest, per annum, and that the interest aforesaid shall be deducted from the payment of rent falling due on the first day of July, 1915.

"And it is further agreed that if any rent shall be due and unpaid, or if default be made in any of the covenants herein contained, it shall then be lawful for the party of the first part to re-enter the said premises and the party of the second part agrees to vacate said premises, without notice, and if it becomes necessary to bring action at law to recover possession, to pay a reasonable attorney's fee therefor."

Hulsey assigned a one-half interest in said lease to O. McLane, then Hulsey and McLane assigned said lease to L. G. Bissinger, and on the 14th of February, 1911, the latter assigned it to George P. Caven and John F. Evans. Caven and Evans paid $175 of the rent for April, 1911, and later in the month the balance of the rent for that month was demanded of them. They re-

fused to pay the balance. of the rent and claimed that the nine hundred dollars which Hulsey had paid to Mrs. McClure, under the provision of the lease above copied, should be applied towards the payment of the rent. They also refused to pay the rent for the month of May when it fell due on the first of the month. Mrs. McClure then brought this action against them in the circuit court, under our statutes, to recover possession of the building. The defendants were evicted on the 12th day of May, 1911, and Mrs. McClure took possession of the building. She rented it for one hundred dollars for the month of May. Afterwards she leased it for five years at $275 per month.

The court instructed the jury to return a verdict for the plaintiff, and, from the judgment rendered, the defendants have appealed.

*June P. Wooten,* for appellants.

Appellee terminated the lease by refusing to recognize appellants as lessees under it. Appellees claim that the deposit being for the last three months of the term, appellants could not have demanded that it be appropriated towards the rent for any other month or months, would be correct had there been no termination of the lease, but the termination of the lease ended the liability for rent. Liability for the last three months of the lease being an impossibility, appellants are entitled to a return of the amount deposited or to additional possession until the deposit and interest are exhausted in rent. 81 Kan. 780, 106 Pac. 1057; 24 Cyc. 1326; 77 Pa. St. 423; 21 Pa. Sup. Ct. 635; 7 Leigh (Va.) 660; 194 Mass. 389, 80 N. E. 608; 169 N. Y. 381; 62 N. E. 426; 55 N. Y. 280; 13 N. Y. 127; 1 Underhill L. & T. 583, and authorities cited; 81 N. Y. S. 678, 40 Misc. 247; 24 Cyc. 1144; 27 Col. 77, 59 Pac. 737; 1 E. D. Smith (N. Y.), 416; 51 N. Y. App. Div. 274; 64 N. Y. S. 1007, and cases cited; 71 N. J. L. 478, 59 Atl. 18; 16 Misc. Rep. 83; 37 N. Y. Sup. 632; 174 N. Y. 492, 61 N. E. 58.

*James A. Comer,* appellee.

Under our statute, a lessee forfeits all right of possession who fails to pay rent according to the contract. Kirby's Dig., § 4708; 57 Ark. 303. The authorities cited by appellant do not apply, because they arose in actions brought by the lessee after dispossession, and not in actions for unlawful detainer.

Can the question of ownership of the $900 be interposed as matter of defense in an action for unlawful detainer? See 36 Ark. 323.

Even if this sum be treated as a "deposit," it was not a covenant running with the land, but a personal covenant between Hulsey and appellee, and did not pass to appellants by the assignment of the lease. 103 N. Y. Supp. 865; 99 N. Y. Supp. 911; 44 O. St. 605. And the authorities do not sustain appellant's contention that the $900, if treated as a deposit, could be applied to the payment of rent falling due monthly. 81 N. Y. Supp. 678; 36 N. Y. Supp. 979; 67 N. Y. Supp. 902; 124 Pac. 369; 49 App. Div. (N. Y.) 135; 84 N. Y. Supp. 237. If appellants meant by the statement that "appellee terminated the lease by refusing to recognize appellants as lessees under it," to say that there was a constructive dispossession, the answer is that a constructive dispossession, where the lessee continues in possession, does not dispossess. By continuing in possession he condones that which might have been regarded as a constructive dispossession. 126 Ill. App. 971.

The courts usually follow the construction of a contract placed thereon by the parties to it. 122 U. S. 131; 184 Mass. 526. And this court will not construct a new and different lease between the parties from that which they entered into. 56 O. St. 48; 4 Wis. 468.

Rent voluntarily paid in advance can not be recovered back from the lessor. 121 Mich. 370; 149 Fed. 937; 95 S. W. 138; 70 Ark. 61; 86 Ark. 175; 170 Ill. 86.

HART, J., (after stating the facts). It is claimed by counsel for the defendants that the nine hundred dollars paid by Hulsey, the lessee, to Mrs. McClure, the les-

sor, was in the nature of a deposit by the tenant to secure the performance of stipulations contained in the lease and that upon their eviction by Mrs. McClure they were entitled to recover the balance of same, after deducting the rent due Mrs. McClure. They rely upon the case of *Cunningham* v. *Stockton*, 81 Kan. 780; 106 Pac. 1059, and other cases of like character. In that case the court said:

"The lease did not contain an express statement that the money advanced should constitute a deposit to insure performance by appellee, but the advancement of so large an amount, the payment of the same before the construction of the building was begun and about six months before possession could be obtained, and the provision that the amount advanced should be applied on the rental for the last year of the term clearly indicated that it was a deposit to insure performance, by appellee."

The monthly rental in that case was $350, and the amount paid in advance and stipulated to be applied on the rent for the last year of the term was $4,200.

In the instant case the facts are essentially different. The defendants refused to pay the rent after it became due and contended that the nine hundred dollars was to secure the payment of the monthly instalments of rent after they matured. Their position leads to the conclusion that they, as assignees of the lessee, would be entitled to remain in possession without payment until their default amounted to a sum equal to nine hundred dollars, and that Mrs. McClure could not evict them for such default since she could apply the deposit in satisfaction of the delinquent rent. In discussing a similar contention, in the case of *Barrett* v. *Monro,* 40 L. R. A. (N. S.) 763, the Supreme Court of Washington said:

"This construction would read into the lease a stipulation which it does not contain. Had appellants thus applied the deposit, and had the default continued until it was exhausted, they would have been without security

for future rent, or for damages which might result from a further breach, and thereafter would have been subjected to a constant liability of losing their lease for the remainder of the term, without certainty of obtaining another tenant at an equally remunerative figure. They would also have been subjected to any damages they might sustain in recovering possession, and by reason of depreciation in rental value for the remainder of the term. It was respondent's duty to make the stipulated monthly payments."

It is a fundamental principle of law that courts do not make contracts for parties but only enforce their rights under contracts made by them. The contract under consideration here does not provide that the nine hundred dollars should be returned to the lessee after the termination of the lease, nor can it be gathered from the terms of the lease itself, or from them when considered in the light of the attendant circumstances that it was the intention of the parties to secure performance of the stipulations contained in the lease by a deposit of the nine hundred dollars. By the direct and express terms of the lease itself, the payment of the nine hundred dollars was simply a payment in advance of the rent. At the time the defendants refused to pay the rent the lease had over four years to run and it will be noted that the payment of the nine hundred dollars was made by the original lessee. He still stands liable to his lessor for the rent after it accrued subsequently to his assignment of his lease. This is so because Mrs. McClure did not accept a surrender from him and agree to release him from liability. Underhill on Landlord & Tenant, Vol. 2, § 650; Tiffany on Landlord & Tenant, Vol. 1, page 1130. By the express terms of the contract the nine hundred dollars paid by the original lessee to the lessor was, as we have already seen, simply a payment in advance of rent and the contract, not containing any provision that it should be paid back, and it is not recoverable by the defendants. See *Bloch* v. *Tucker,* 107 Ark. 349; *Werner* v. *Padula,* 49 App. Div. N. Y. 135; *Forgoston* v. *Brofman,* 84 N. Y. Supp. 237.

The facts in this case were undisputed and presented for the decision of the trial court a question of law only. The trial court certified that a short statement of facts might properly have been prepared and this the defendants offered to do, but they were required by plaintiff to put into the record the detailed testimony of the witnesses at a cost of $41.70.

Therefore, under rule No. 15 of this court, the cost so incurred, viz., $41.70, will be taxed against the plaintiff. It follows that the judgment will be affirmed.