ROSS v. McCALL et al.   (No. 11494.)

(Court of Civil Appeals of Texas. Fort Worth.
March 13, 1926.  Rehearing Denied
May 15, 1926.)

1. Landlord and tenant ⬦214—Lessor who owned half interest in leased property, but who alone signed lease agreeing in case premises were sold prior to its termination to repay to lessees three months' rent they had advanced, held liable for such amount to purchaser to whom lessees had assigned their rights.

Lessor who owned half interest in leased property, but who alone signed lease agreeing. in case premises were sold prior to its termination, to repay to lessees three months' rent advanced in part consideration for lease, held liable for such amount to purchaser to whom lessees had assigned their rights, regardless of promptness with which rent was paid to purchaser, and notwithstanding lessees continued in possession after sale with consent of purchaser instead of surrendering premises in 90 days as provided, since such provision was merely to facilitate sale.

2. Landlord and tenant ⬦184(2)—Purchaser of demised premises, to whom lessees had assigned right to deposit, which was to be repaid if property was sold, held entitled to interest thereon after lessor's refusal to pay (Rev. St. 1911, art. 4977; Vernon's Sayles' Ann. Civ. St. 1914, art. 1985).

Purchaser of demised premises, to whom lessees had assigned right to certain deposit, which lessor was to repay if property was sold, held entitled to interest on such amount after lessor's refusal of demand, made after lessees' assignment, where no issue as to interest as damages was requested, in view of Rev. St. 1911, art. 4977, and Vernon's Sayles' Ann. Civ. St. 1914, art. 1985.

On Motion for Rehearing.

3. Contracts ⬦318—Right to forfeiture can be based only on clear and unequivocal provision in contract.

Forfeitures are not favored in law, and right thereto can be based only on provisions in contract that clearly and unequivocally give such right.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by J. S. McCall and another against W. R. Ross. Judgment for plaintiffs, and defendant appeals. Affirmed.

Phillips, Brown & Morris, of Fort Worth, for appellant.

A. J. Clendenen, of Fort Worth, for appellees.

DUNKLIN, J. On May 25, 1920, W. R. Ross executed a lease in writing demising to E. L. Etier and others what is known as the old Glacier horse and mule barn, a concrete building situated at 2310 North Main street in the city of Fort Worth. The lease was for a period of five years, beginning from its date and ending June 15, 1925. The instrument stipulated that the lessees should pay a rental of $21,000 for the entire term, in installments as follows:

"Twenty-one hundred ($2,100.00) dollars cash, upon the execution and delivery of this contract by both parties, the receipt of which is hereby evidenced, and shall apply as follows: Ten hundred and fifty ($1,050.00) dollars, paying the rent for the first three months of this contract and ten hundred and fifty ($1,-050.00) dollars to remain deposited with the party of the first part during the term of this contract, which shall apply on the rents for the last three months of this contract, the balance of said rents to be paid as follows: Three hundred and fifty ($350.00) dollars on the 15th day of September, A. D. 1920, and three hundred and fifty ($350.00) on the 15th day of each succeeding month thereafter; until the whole sum has been paid."

The lease contained this further stipulation:

"It is further agreed and understood that this lease is made and entered into subject to the sale of said demised premises by the party of the first part, and in event of such a sale being made, the party of the first part will give due notice of such sale to the party of the second part by registered mail addressed to the party of the second part, 2310 North Main street, Fort Worth, Texas, and the party of the second part agrees that within ninety days (90) from receipt of such notice to give possession of said demised premises to the party of the first part, or his executors, administrators, and assigns, and the party of the first part agrees to reimburse the party of the second part all or any part of the ten hundred and fifty ($1,050.00) dollars which is deposited with the party of the first part, that may be due them, and to pay them for any equipments and improvements that they might have installed and made ordinary wear and tear to be discounted from the original cost."

While W. R. Ross was the only lessor who executed the instrument, yet the lease recites that it was made by S. E. and W. R. Ross as lessors.

On March 19, 1921, W. R. Ross and wife, Callie Ross, executed to J. S. McCall a deed of conveyance with covenants of warranty of title to an undivided one-half interest in the property covered by the lease. At the time of the execution of the lease, the lessees named were partners, but E. L. Etier later acquired all the interest of the other members of the partnership firm. After the execution of the deed of conveyance to McCall by W. R. Ross, Etier, then the sole owner of the lease, continued to occupy the leased premises, and to attorn to McCall for the rents under the terms of the original lease until a short time prior to January 2, 1924, or on that date, when he surrendered possession of the premises to McCall and paid him all rents then due, and was released by the latter from further obligations under the lease contract. That release was in writing, and by the terms of the instrument and as a consideration for the release, Etier transferred and assigned to McCall his claim to the $1,050 which Etier and his partners had deposited with W. R. Ross at the time of the execution of the lease by the latter to secure the payments for the rents for the last three months of the period covered by the lease contract. That instrument was as follows:

"Know all men by these presents: That for and in consideration of the sum of twelve hundred dollars to me paid by E. L. Etier, the receipt of which is acknowledged, and the further consideration of the assignment and transfer to me of the claim in the sum of $1,050 against S. E. and W. R. Ross, the same being a deposit made by the said E. L. Etier with said Ross to secure the payment of the last three months' rent on the concrete building at No. 2310 North Main street, rented and leased by said Ross to the said E. L. Etier from the 15th day of June, 1920, to the 15th of June, 1925, I, J. S. McCall, have on this date and do hereby release the said E. L. Etier from all obligations upon the above mentioned lease, the property above described having been purchased by me, and I have, in pursuance of said agreement, accepted delivery of said property to me and the cancellation of said lease.

"In consideration of the foregoing release, I, the said E. L. Etier have transferred and assigned unto J. S. McCall, the grantee above named, the said sum of $1,050 deposited by me with S. E. and W. R. Ross to secure the performance of the above mentioned rental contract.

"Witness our hands this the 2d day of January, A. D. 1924.
    "[Signed] E. L. Etier,
       "J. S. McCall."

Prior to the conveyance of the one-half interest in the property to J. S. McCall by W. R. Ross, S. E. Ross, his brother, who owned a one-half interest with W. R. Ross at the time the same was leased, conveyed his one-half to J. C. McCall, son of J. S. McCall, and from the date of that conveyance up to the date W. R. Ross sold his one-half interest to J. S. McCall, he and J. C. McCall shared equally the rents collected from Etier.

After the execution of the release of Etier by J. S. McCall, the latter demanded of W. R. Ross the payment of the $1,050 which had been deposited by the lessees at the time of the execution of the original lease; that demand being made by J. S. McCall in behalf of himself and his son, J. C. McCall, complaintiffs in the suit. The demand was refused by W. R. Ross, and this suit was instituted by J. S. McCall and J. C. McCall to recover the $1,050 so deposited.

In his answer, filed in the trial court, to plaintiff's petition, the defendant specially pleaded that it was agreed and understood by and between the plaintiffs and defendant at the time the latter assigned to the plaintiff the premises and lease thereto that the defendant should retain all the moneys held by him under the lease contract, and all rents paid to him by Etier and his associates thereunder, including the $1,050 in controversy; and that said agreement was a part of the consideration for the conveyance by the defendant to plaintiff J. S. McCall of the property and lease thereon. There was no plea of failure of consideration.

The case was tried before a jury, who, in answer to a special issue, found that the agreement so alleged by the defendant was not made. That was the sole issue submitted to the jury. Upon that finding and by reason of the stipulations in the lease with respect to the $1,050 deposited by the lessees with W. R. Ross, the court rendered judgment in favor of the plaintiffs J. S. and J. C. McCall for the $1,050 sued for; and from that judgment the defendant has prosecuted this appeal.

[1] Several propositions are made by appellant, all of which are substantially to the same effect as the following:

"The court erred in rendering judgment for the appellee against the appellant in the sum of $1,050, because said amount was paid to the appellant as a part of the consideration for the execution of the rental contract involved herein, and was to be applied for the rent of the latter part of the term of said contract, and was paid as a part of the performance of said contract and as an advancement in rent, and was not a deposit to guarantee the payment of said rent, as alleged by the appellee."

In support of that proposition the following excerpt from 36 Corpus Juris, p. 366, is quoted as covering the exact question:

"The transfer of the reversion does not carry to the assignee the right to rents already accrued unless it is so provided by the statute. Rent payable in advance is to be considered as accrued at the time it becomes payable and the grantee of the reversion after such time, but before the termination of the period for which it is to be paid, is not entitled thereto."

Other authorities include Evans v. McClure, 108 Ark. 531, 158 S. W. 487, by the Supreme Court of Arkansas; 36 Corpus Juris, pp. 298, 302, and other decisions cited in 33 L. R. A. (N. S.) p. 540, and 50 L. R. A. (N. S.) p. 1035.

The case of Evans v. McClure, 108 Ark. 531, 158 S. W. 487, is cited by appellant as a leading case on the question involved, and the opinion rendered is copied in full in appellant's brief. But that decision is not in point in this case, as is evidenced by the following excerpt taken from the opinion:

"By the express terms of the contract the $900 paid by the original lessee to the lessor was, as we have already seen, simply a payment in advance of rent, and the contract, not containing any provision that it should be paid back, and it is not recoverable by the defendants. See Bloch v. Tucker [107 Ark. 349] 154 S. W. 1140; Werner v. Padula, 49 App. Div. 135, 63 N. Y. S. 68; Forgotston v. Brafman (Sup.) 84 N. Y. S. 237."

Contrary to the facts of that case, the contract of W. R. Ross in this instance expressly bound him to reimburse the lessees for the $1,050 which they had deposited at the time of the execution of the lease, in the event of a sale of the demised premises prior to the termination of the lease. Authorities cited by appellant are not in point, since they only announce the general rule obtaining in the absence of any express stipulation for the return to the lessees of the deposit made to secure the payment of rents to accrue in the future. Under the express stipulations in the lease contract, Etier, for himself and as the assignee of his copartners, clearly had the right to a return of the $1,050 in controversy after the premises themselves had been sold by W. R. and S. E. Ross; and, since that right to the deposit was duly and legally assigned to J. S. McCall, we see no escape from the conclusion that plaintiffs had the right to a recovery of the same.

Appellant further insists that, since he himself only owned an undivided half interest in the property, and since the evidence showed that he himself only received one-half of all the rents collected from the lessees up to the time he sold his half interest in the property to J. S. McCall, the recovery against him should have been limited to one-half of the deposit of $1,050. This contention is overruled, since the lease was signed by W. R. Ross alone as the lessor, and as a matter of law the obligation to return the $1,050 to the lessors was his individual obligation, even though it should be said that his brother, S. E. Ross, received one-half of the deposit.

Appellant further insists that Etier breached his rental contract by a failure to pay the rents to McCall after McCall bought the property, and, having been in default, he was in no position to claim the return of the money deposited. The evidence cited to support that contention was the testimony of J. S. McCall to the effect that he canceled the contract because Etier was in arrears with his rent just before he entered into negotiations for a termination of the lease, and that he was anxious to get rid of Etier, as he felt he would not be able to pay the rent in the future. But J. S. McCall further testified that Etier had paid all the rents due at the time the latter was released from the rental contract, and at the time Etier's claim of right to the money in controversy was assigned to McCall. We fail to perceive

how such fact would be any defense to the recovery of the deposit, since the lessor did sell the property before the termination of the five-year period, and Etier did surrender the lease to the owners of the premises before the expiration of the lease, and appellant, by his written agreement, expressly bound himself to return to Etier, or his assignees, the $1,050 upon the happening of those contingencies.

[2] We overrule the further contention that plaintiff was not entitled to recover interest on the amount sued for and allowed. The contract to pay to Etier that sum was in writing, and therefore came within the operation of article 4977, Rev. Statutes, in the absence of any pleading or proof to show that defendant was entitled to any credit or offset thereon.

For the reasons noted, all assignments of error are overruled, and the judgment of the trial court is affirmed.

## On Motion for Rehearing.

Appellant insists that since Etier, the lessee, did not surrender the leased premises to the lessors or their assignees, J. S. and J. C. McCall, within 90 days next ensuing after he had notice of the sale of the property to the McCalls, neither he nor his assignees, the appellees in this cause, established any right to a return of the $1,050 in controversy. In other words, it is insisted, in effect, that time, to wit, the 90 days, was of the essence of appellant's contract to reimburse Etier for the $1,050 which the latter and his associates had deposited to be applied as rental for the last three months of the five-year rental period.

[3] We do not concur in that construction of the contract. Appellant's contract to reimburse the lessees the sum of money so advanced does not expressly stipulate that that would be done in the event only that the lessees surrender possession of the property within 90 days. It is manifest that the intention of the lessors in requiring the lessees to surrender possession of the demised premises in the event of a sale of the property was that the lease held by them should not be an obstacle which would prevent the sale of the property by the lessors. It is also clear that after appellant sold the property it was impossible for him to furnish the premises to the lessees for occupancy during the last three months of the five-year period, and that, therefore, no consideration passed to appellant for the money deposited to cover that period. Under such circumstances, to permit appellant to hold the money so deposited clearly would be inequitable, since a holding would, in effect, be that Etier had forfeited to appellant that sum by reason of his failure to surrender possession of the premises to the purchasers of the property within 90 days after notice of the sale to them, notwithstanding their lease did not in any manner interfere with the sale of the premises, and notwithstanding the further fact that the purchasers permitted the lessees to continue in possession, in consideration of the payment of the same rentals theretofore paid to appellant. The contract contains no provision for such forfeiture, and the only basis for the claim by appellant is the breach of Etier's agreement to surrender possession within the 90-day period. Forfeitures are not favored in law, and the right thereto can be based only on provisions in a contract that clearly and unequivocally give such right. Decker v. Kirlicks, 110 Tex. 94, 216 S. W. 385; Grubb v. McAfee, 109 Tex. 527, 212 S. W. 464.

While the deposit of the money in controversy to cover the last three months of the rental period was in part consideration for the execution of the lease, yet that fact in no manner militated against the lessors' contract to return the money upon the happening of the contingency therein specified; the deposit of the money being merely an assurance that the lessors would be paid the money for the period of time covered by the deposit.

Appellant calls attention to the testimony of appellee J. S. McCall to the effect that after he purchased the property he wrote to appellant demanding the return to him of the money in controversy, and that that demand was made before Etier executed to him the assignment of his claim therefor, which written assignment is shown in the original opinion. If it be true that McCall did not have the right to the deposit until after the written assignment was executed, it was immaterial to his recovery that he claimed the deposit before the execution of the lease, since the execution of that instrument clearly gave him the same right to the deposit as Etier himself had.

Appellant invokes a discussion of the assignment of error to the action of the court in allowing plaintiff a recovery of interest at the rate of 6 per cent. per annum on the amount of the deposit. The time for which interest was allowed began with the refusal of appellant's demand therefor after the deposit had been assigned to the appellee. As stated in the motion, this assignment was not specifically discussed in our former opinion, but we did consider it and reached the conclusion that the same was without merit. The point made is that the interest could not be allowed as interest eo nomine, under the provisions of article 4977 of our Revised Statutes, and that if allowed at all it could be allowed only as damages, and that, since there was no finding of interest by the jury as damages, there was no basis for a recovery of the same as provided in the judgment.

There was no controversy in the testimony

as to appellee's right to recover the full amount of the deposit of $1,050, if they were entitled to recover at all. The case was tried on special issues, and the only issue submitted to the jury was:

"At the time the plaintiff, J. S. McCall and the defendant ·W. R. Ross executed the transaction by trading or exchanging property, was it understood and agreed by and between them that whatever amount said Ross had received from E. L. Etier under the terms of the contract introduced in evidence before you, and stated in the contract as being payment of the last three months' rent on said premises, was a part of the consideration of said trade or exchange of property, and that said sum should be retained by W. R. Ross as his property?"

Upon that issue the jury answered: "No." Nor did the parties to the suit request the submission of any other issue.

Under such circumstances, the trial court was authorized to allow 6 per cent. interest upon the amount of the deposit, even as damages, if it be true, as insisted by appellant, that such could not be allowed as interest eo nomine. Article 1985, V. S. Tex. Civ. Statutes.

Furthermore, we believe that the decision of the Commission of Appeals in the case of Federal Life Ins. Co. v. Kriton, 112 Tex. 532, 249 S. W. 193, cited by appellant, is adverse to the contention of appellant last noted.

The motion for rehearing is overruled.