CASINO AMUSEMENT COMPANY, a Florida Corporation, *Plaintiff in Error*, vs. THE OCEAN BEACH AMUSEMENT COMPANY, a Florida corporation, *Defendant in Error*.

Division B.

Opinion filed April 2, 1931.

60

*Aronovitz, Furr & Goldstein,* for Plaintiff in Error;
*Miller & McKay,* for Defendant in Error.

DAVIS, J.—This was a suit at law to recover the sum of $25000.00 which had been paid under a lease by which the lessor demised to the lessee certain premises known as "Hardie's Casino" for a term of ninety-nine years, commencing January 1, 1925, in consideration of rent payments, at the rate of $20,000.00 a year for the first five years, with increases thereafter during the term.

The lease provided that the sum of twenty-five thousand

dollars "paid at the time of the signing of the lease, the receipt of which is hereby acknowledged, shall be credited as rent for the last year of this lease."

It also provided that "in case at any time, default shall be made by the lessee, in the payment of any of the rent herein provided for, upon the day the same becomes due or payable" that then "it shall be lawful for the lessor, at its election, to declare said demised term ended and to reenter said demised premises, etc." There was a further clause in the lease to the effect that the "right" given in the lease to the lessor to collect rent that might become due under the lease "shall not in any way affect the right of such lessor to declare this lease void, and the term hereby created ended, as herein provided, when default is made in the payment of said rent."

The declaration shows that plaintiff defaulted in paying an installment of rent and that a distress judgment for the amount of the unpaid rent was obtained against him in the Civil Court of Record of Dade County. It is also shown by the declaration that upon judgment being so entered in the distress proceeding, the plaintiff was ousted from possession of the premises. This ouster is alleged to have taken place at a time prior to the last year of the lease, as of course, must have been unquestionably the case since the last year of the lease appears to be A. D. 2023.

Recovery of the $25000.00 sued for is sought on the theory that the money recited in the lease to have been paid in advance as rent was merely a deposit and that since the lessee was deprived of possession of the property prior to the period of time for which the sum was paid in advance, it may be recovered on the principles laid down in Cunningham v. Stockton, 106 Pac. 1057; Claude v. Shep-

ard, 122 N.Y. 397, 25 N.E. 358; Caesar v. Robinson, 174 N.Y. 492, 67 N.E. 58; 1 Tiffany on Landlord & Tenant, page 1159; Wallette v. Hillyard, 43 S.E. 779; Hyman v. Jockey Club Liquor & Cigar Co., 9 Colo. App. 299; 48 Pac. 671.

It is also contended that even though plaintiff failed to pay his rent when due, the default was waived when the lessor obtained his distress judgment and executed it to enforce payment, thereby recognizing the continuance of the tenancy which rendered the lessee's ouster of plaintiff unlawful, so as to entitle him to sue for recovery of the money paid in advance as rent for the last year of the lease term.

Defendant in error, who was defendant in the court below, contends that there was no provision made in the contract to the effect that if default is made by the lessee the $25000.00 advance payment should be returned. It is also contended that where rent is paid in advance, it may be lost to lessee because of his own default which allows the landlord to re-enter for condition broken. To this effect is cited the case of Galbraith v. Wood, 124 Minn. 2010, 144 N.W. 945, 50 L.R.A. (N.S.) 1034, which holds:

"Where rent has been paid in advance, under an agreement that it shall be so paid; and the lessor re-enters for conditions broken, he is entitled to retain the rent so paid, though the re-entry is before the expira tion of the period for which the rent is paid.

A stipulation in the lease that a reentry by the lessor for conditions broken shall not work a forfeiture of the rent due or to become due is not invalid because providing a penalty for the lessee's breach of conditions."

The general rule deducible from the authorities is that in the absence of provision therefor, rents paid in advance cannot be recovered by the tenant upon termination of the

lease, unless such termination was wrongful as against him. Evans v. McClure, 108 Ark. 531, 158 S.W. 487; Forgotston v. Brafman, 84 N.Y. Supp. 237; Rockwell v. Eiler's Music House, 67 Wash. 478, 122 Pac. 12; 39 L.R.A. (N.S.) 894. In this respect there is a difference between an advance payment of rent and a mere deposit or security for performance such as was involved in Cunningham v. Stockton, supra, and other authorities cited by plaintiff in error.

Nor is loss of possession of the premises, whether by re-entry of the landlord, or otherwise, a material circumstance as to liability because the general rule is:

> "In cases in which loss of possession is due to stipulations of the lease, he may lose his advance payment, but this is merely a natural and legal result of the stipulation for payment in advance. One who agrees to pay in advance cannot well complain if, as a result of the agreement, he is in a position different from that in which he would be had he not so agreed." Pedro v. Potter, 242 Pac. 926; 42 A.L.R. 1165, (1171).

The lease involved in this case expressly provides for an advance payment of rent, not a deposit as security for the performance of the contract, as contended.

In this view of the case, plaintiff's declaration stated no cause of action and a demurrer thereto was properly sustained. The alleged waiver of the landlord's right to re-enter, if available at all to the lessee under the terms of the particular lease here involved, could at most constitute a ground of defense against the landlord to prevent his recovery of possession against the tenant after distraint for the defaulted rent, but cannot add life to plaintiff's alleged basis of recovery, which we have found does not legally exist in this case.

The judgment must be affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.