DAVIS *v.* SHEPPERD.

4-5086

Opinion delivered May 30, 1938.

*Reynolds & Maze*, for appellant.

*George O. Patterson* and *E. H. Patterson,* for appellee.

HUMPHREYS, J.   Appellant as lessor brought a suit against appellee as lessee in the circuit court of Johnson county to recover $240 alleging that appellee owed him that amount under the terms of a written lease or contract which is as follows:

"This contract made and entered into on this the first day of October, 1935, by and between R. S. Davis, Jr., party of the first part, and C. B. Shepperd, party of the second part, Witnesseth:

"Whereas, the party of the first part does hereby lease and let unto the party of the second part the business house located on the east half of lot 4 in block 2 on Main street in the city of Clarksville, Arkansas, for business purposes, for a period of one year, and for the sum of $40 per month payable as follows:

"The party of the second part agrees to pay six months in advance from the date of this contract and six months in advance each six months during the life of this contract.   Party of the second part is to have right of renewal for a period of one year at the end of this lease at the option of the party of the second part.

"Party of the second part is to care for said building in good and husbandlike manner, and return said property at the end of the term in as good condition as he takes it, save ordinary wear and tear, provided party of the first part shall replace any broken glass, if accrued by the public.

"Party of the second part shall not sublease said property without the consent of the party of the first part.

"Party of the second part does hereby lease said building as provided herein and agrees to pay therefor the sum of $40 per month, payable six months in advance during the life of this lease.

"It is stipulated and agreed between the parties hereto that failure to pay the rent when due that shall

be cause for forfeiture of this lease at the option of the party of the first part.

"Parties hereto do bind themselves, their heirs, successors and assigns to the terms of this contract.

"In witness whereof, we have hereunto set our hands on this the first day of October, 1935.

"R. S. Davis, Jr.,
"Party of the First Part.
"C. B. Shepperd,
"Party of the Second Part."

This contract was duly acknowledged and recorded.

Appellee filed an answer admitting the execution of the contract, but interposing as a defense thereto, among others, that on May 28, 1937, the store building was destroyed by fire to such an extent that it could not be used for business purposes, and that he was relieved from paying the rent after the building was destroyed by fire. Appellee admitted in his answer that on the expiration of the lease on October 1, 1936, he elected to exercise his right of option for a renewal of said lease for one year or until October 1, 1937, and paid appellant $240 or six months' rent in advance which paid the rent until April 1, 1937; that thereafter the premises were occupied by him and Dillon A. Blackburn to whom he sublet same; that during the occupancy of Dillon A. Blackburn the house was destroyed by fire on or about the 28th day of May, 1937, and admitted that from April 1 to that date he owed appellant $80 which amount he was willing to pay, and tendered same into court, but denied owing him any more.

The cause was submitted upon the pleadings, and after the evidence had been introduced the court withdrew the case from the jury and found that as a matter of law under the undisputed facts appellant was entitled to a judgment of $80 for the months of April and May, 1937, or up to the date of the fire which rendered the building unfit to occupy, and refused to allow appellant rent for the remaining four months of the second year of said lease.

A motion for a new trial was filed within ample time and was overruled and appellant has duly filed an appeal from the. action of the court rendering judgment in his favor for $80 instead of $240.

It will be observed from a reading of the contract that it contains no clause. rebating the payment of rent on account of the destruction of the building by fire or otherwise. It will also be observed from a reading thereof that the rent was payable in advance every six months during the period of the contract, and that appellee might exercise an option to extend the contract for an additional year if he desired to do so.

The undisputed facts show that he exercised the option on the first day of October, 1936, to renew the contract for the period of another year at which time he paid $240 in advance for six months rent. It also shows that on or about April 1, 1937, he mailed appellant a check for $40 and noted at the foot of the check that it was rent in full. Upon receipt of the check appellant wrote the following letter to appellee:

"I have your check in the amount of $40 dated 5-14-37, check number 590. You have a postscript rent in full on the foot of your check. I wish to advise that I will accept this check as payment on our lease agreement and not as payment in full. Our lease agreement calls for six months' rent payment in advance, and I naturally expect you to fulfill your agreement. Mr. Blackburn informs me that he did not have any rent agreement with you at the time of sale. I am holding your check pending a settlement in full. I shall thank you for your prompt attention.

"Yours truly,

"R. S. Davis."

The check was never cashed by appellant.

The record, also, reflects that on or about the 28th day of April, 1937, that appellee sold his stock of goods to Dillon A. Blackburn who occupied said building from that date until the building was destroyed by fire to such an extent that it could not be used for business purposes. The fire occurred the latter part of May, 1937. The rec-

ord also shows that appellant boxed up the building, collected the insurance thereon and did nothing with it until after October 1, 1937, or until after the expiration of the lease. Appellant contends that the court should have given him a judgment for $240 or for the rent that was due him in advance under the terms of the contract on the first day of April, 1937, and he cited a number of cases in support of his contention that if the rent had been paid on the first day of April, 1937, by appellee, he, appellee, could not have recovered the amount so paid in advance from him. This court said in the case of *Block* v. *Tucker,* 107 Ark. 351, 154 S. W. 1140, that: "The law seems to be well established that rent paid in advance cannot be recovered by the tenant on the destruction of the premises unless the contract provided that it shall be paid back." Neither the case of *Block* v. *Tucker, supra,* nor any other case cited by appellant goes to the extent of saying that if the rent had not been paid and the building had been destroyed by fire or otherwise the landlord could recover the rent.

In 36 Corpus Juris under the title Landlord and Tenant it is said that: "At common law a lessee of premises which are accidentally destroyed subsequent to the making of the lease cannot be relieved from an express covenant to pay rent unless he has stipulated in the lease for a cessation of the rent in such case, or the lessor has covenanted to rebuild."

There is a well recognized exception to this general rule to the effect that where the performance depends on the continued existence of the building leased, and the building is destroyed so that it cannot be used for the purposes for which it was leased the consideration for the contract fails and the lessee is no longer obligated to pay rent on the building. This exception to the general common-law rule is recognized in the cases of *Buerger* v. *Boyd,* 25 Ark. 441, and *Whittaker* v. *Holmes,* 165 Ark. 1, 263 S. W. 788.

It is clear from the evidence in the instant case that the building was leased for the purpose of running a store and that purpose only, and that after the fire it be-

came unfit to use for that purpose. We think this undisputed fact brings the instant case within the well established exception to the common-law rule, and, therefore, the judgment of the circuit court rendering a judgment for $80 in favor of appellant is correct.

No error appearing, the judgment is affirmed.