On Rehearing.
MATHEWS, Justice.
This is an appeal from the final decree of the Chancellor ordering the appellants to return or refund to the appellees the prepaid rents under the terms and provisions of a written lease.
The lease was for a term of 3 years and after making provisión for installment payments for the first and second years, with reference to. the third year, contained the following:
“The third year of said term shall be payable all -in advance upon the execution of this lease, same'being made up by the deposit heretofore made by 'the Lessees in the amount of One Thousand Dollars ($1,000.00) and by the payment by them of an additional Nine Thousand Dollars ($9,000.00).”
It . will be observed that the lease required payment. in advance for the third year, of the term and that said sum was actually paid without any strings or reservations whatsoever.
This case is controlled by the case' of Casino Amusement Co. v. Ocean Beach Amusement Co., 101 Fla. 59, 133 So. 559, 560. In the Casino case there was a 99-year lease which provided that the sum of $25,000 “paid at the time of the signing of the lease * * * shall be credited as rent for the last year of this lease.” The lessee defaulted in the payment of rent and a distress judgment was obtained against him in the Civil Court of Record of Dade County, and the plaintiff was' ousted from possession of the premises. This ouster took place prior to the last year of the lease. Recovery was sought on the ground that the money had been paid in advance as a deposit and *51 because the lessee had been deprived of possession prior to the period of time for which the $25,000 was paid in advance, it could be recovered. The Court said:
“The general rule deducible from the, authorities is that, in the absence of provision therefor, rents paid in advance cannot be recovered by the tenant upon termination of the lease, unless such termination was wrongful as against him. Evans v. McClure, 108 Ark. 531, 158 S.W. 487; Forgotston v. Brafman (Sup.) 84 N.Y.S. 237; Rockwell v. Eiler’s Music House, 67 Wash. 478, 122 P. 12, 39 L.R.A.,N.S., 894. In this respect there is a difference between an advance payment of rent and a mere deposit or security for performance such as was involved in Cunningham v. Stockon, supra [81 Kan. 780, 106 P. 1057], and other authorities cited by plaintiff in error.
* * * * 5jt *
“The lease involved in this case ex-■ pressly provides for an advance payment of rent, not a deposit as security for the performance of the ¡contract, as contended.”
Previous to the institution of the suit it is shown by stipulation of the parties that some of the material requirements of the lease had not been complied with by the appellees and that the same had npt been waived by the appellants. This record shows that it is undisputed that the' lease required the placing of liability insurance for the protection of the lessors, that the lessees have never requested the lessors to waive that provision of the lease and that the lessees could have obtained liability insurance at any time had they • made any effort to -do so.
The suit filed by the appellees sought cancellation of the lease and return or refund of the money paid in advance for the third year of the lease. The appellees were in actual possession of the premises at the- time they brought the suit. Some’ question arbse as to whether the'' plaintiffs could maintain the suit for a refund of the rent; claiming that'they had been constructively evicted and. that the lease was cancelled, and at the same time retain actual possession. After discussion between counsel and the Court it appears that the appellees tendered possession to the appellants and the appellants accepted possession. At that time the undisputed, facts about liability insurance were known to the parties and the Court. There is no finding that the termination of the lease was wrongful as to the appellees. Unless such termination was wrongful as to the appellees the rent paid in advance cannot be recovered by them upon the termination of the lease. It matters not whether the same was terminated by a forceful eviction or by a voluntary surrender of the premises by the lessees, the result is the same. Casino Amusement Co. v. Ocean Beach Amusement Co., supra.
The original opinion is receded from and the cause is reversed, with directions to set aside the final decree and to enter a decree dismissing the amended bill - of. complaint.
SEBRING, C. J., and HOBSON, ROB- . ERTS and DREW, JJT., concur.
THOMAS, J., dissents.
TERRELL, J., not participating.