## DOCTORVITZ v. SCHONBERGER.

Circuit Court, Dade County, Civil Appeal.

January 18, 1954.

Mathew M. Slepin, Miami, for appellant.

Herman T. Isis, Breslow & Gelb, Miami, for appellee.

GEORGE E. HOLT, Circuit Judge.

Plaintiff in the court below sued defendant for $400 which sum she had paid in advance for the occupancy of premises under what the defendant landlord contended was a lease, that is, a receipt reading as follows—

January 1, 1950

RECEIVED of Mrs. Doctorvitz

Five hundred dollars

For rent for the last five months

Aug., Sept., Oct., Nov., Dec. 31, 1950

Max Schonberger

Plaintiff contended the receipt did not constitute a lease, that she was a tenant at will and the $500 paid on account was security, that she was entitled to recover such sum less one month's rental she admitted was unpaid—because the landlord suffered no damages arising out of her departure from the premises.

To remove a tenancy from the definition of a tenancy at will the provisions of section 83.01, Florida Statutes 1951, require a lease to be in writing and signed by the landlord, making it thus a tenancy for the stipulated duration agreed upon by the parties. Although unusual and different from the lease ordinarily used by landlords, in my opinion the receipt here involved complied sufficiently with the terms of the statute to make it a lease. It was also a sufficient "memorandum in writing" to preclude application of the statute of frauds, section 725.01, Florida Statutes 1951.

Even if there had been no lease plaintiff would still not be entitled to recover. In Casino Amusement Co. v. Ocean Beach Amusement Co. (Fla.), 133 So. 559, it is held that where rent has been paid in advance under an agreement that it should be so paid and the tenant wrongfully vacates the premises the advance rentals cannot be recovered by the tenant upon termination of his occupancy, unless such termination is wrongful as to him. Plaintiff voluntarily removed herself from the premises, leaving them vacant, then sought from the landlord the monies paid in advance.

Rent paid in advance at the beginning of a lease in conformity with its terms becomes upon such terms the property of the lessor. In any event it becomes his property as soon as the period for which the rent is applicable arrives, and when the lessee's default makes his performance of the lease impossible the law accelerates the time when the advance rentals become the lessor's property to the time of the termination of the lease. Sline Properties, Inc. v. Colvin (C.C.A. 4), 190 F. 2d 401. Housholder v. Black (Fla.), 62 So. 2d 50, goes even further in holding that where a landlord enters for condition broken he is entitled to retain the advance rental payment.

The judgment for the defendant is affirmed.